(24 Misc. Rep. 535.)

PEOPLE v. UNITED STATES LAW–BLANK AND STATIONERY CO.

(Supreme Court, Special Term, Albany County.   September, 1898.)

RECEIVERS—ASSIGNEES FOR BENEFIT OF CREDITORS—PRIORITIES.
    Under Code Civ. Proc. § 1788, and Rev. St. pt. 3, c. 8, tit. 4, § 68, provid-
    ing that a permanent receiver's powers shall be such as are "conferred
    by law upon trustees to whom an assignment of the estate of insolvent
    debtors may be made," and section 67, providing that such receivers
    shall be vested with all the estate "from the time of their having filed
    the security hereinbefore required," a receiver is not entitled to the prop-
    erty as against an assignee under a general assignment for the benefit
    of creditors made before the commencement of the action for the ap-
    pointment of the receiver.

Action by the people against the United States Law-Blank &
Stationery Company to dissolve the corporation, and for the appoint-
ment of a receiver.   Motion to punish Charles E. Hotchkiss, as-
signee of the defendant, for contempt in refusing to deliver the as-
signed property to the receiver.   Motion denied.

Jacob Fromme (S. W. Rosendale, of counsel), for receiver.
De Witt V. D. Reilley, for assignee.

EDWARDS, J.   On January 5, 1898, the defendant, an insolvent
corporation, made a general assignment of its property for the
benefit of its creditors, without preferences, to Charles E. Hotchkiss,
which assignment was on the following day duly recorded.   The
assignee accepted the trust, and on the 15th day of January took
possession of the assigned property, and subsequently gave and
filed the proper bond as such assignee.   On January 21, 1898, an
action to dissolve the corporation was commenced; and on February
28, 1898, a judgment was entered dissolving the corporation, and
appointing Alfred McIntyre permanent receiver.   On March 2, 1898,
the receiver's bond was filed, and thereafter he demanded of the
assignee possession of the assigned property, which was refused.
This proceeding is instituted to punish the assignee for contempt
in refusing to deliver to the receiver the property of the corporation
which was in the possession of the assignee under the assignment,
and to compel such delivery.
    I think that the real question here presented for determination
is whether or not the receiver has title, superior to that of the as-
signee, to the property which passed into the possession of the as-
signee under the assignment.   But for the appointment of the re-
ceiver, there could be no question of the validity of the title of the
assignee.   He derived his title from an assignment valid at com-
mon law.   Vanderpoel v. Gorman, 140 N. Y. 568, 35 N. E. 932.   The
only statutory restriction now existing upon the common-law right
of a corporation to make an assignment is that it shall be without
preferences.   Croll v. Knitting Co., 17 App. Div. 284, 45 N. Y. Supp.
680.   I think it cannot be questioned that the assignee, under the
assignment, acquired absolute title to the property.   Was he de-
vested of this title by the subsequent appointment of a receiver?
The answer to this question depends upon the statute under which

the receiver was appointed, and from which alone his powers are derived. A permanent receiver has the powers conferred upon a receiver appointed upon the voluntary dissolution of a corporation (Code Civ. Proc. § 1788), which are the same as those "conferred by law upon trustees to whom an assignment of the estate of insolvent debtors may be made" (Rev. St. pt. 3, c. 8, tit. 4, § 68). "Such receivers shall be vested with all the estate, real and personal, of such corporation, from the time of their having filed the security hereinbefore required." Id. § 67. Whether, therefore, the receiver is vested with property belonging to the corporation at the time of filing the security, or whether his title relates back to the property owned by the corporation at the time of the commencement of the action, it is evident that he is not vested, by virtue of the statute, with any property which the corporation had legally disposed of before the commencement of the action. The statute under which he is appointed, and from which he derives his power, does not confer upon him any such title. The title of the assignee to the property being apparently valid, the remedy of the receiver, if he desires to assail it, is by an action. The counsel for the petitioner contends that the question presented on this motion is one of administration only, and whether the state has the right in its own way to provide for the administration of the assets of an insolvent corporation. One way provided for the administration of such assets is by an assignment for the benefit of creditors, without preferences; and where the assignee, under such assignment, legally acquires title to the property, there is no provision whereby he becomes devested of such title by the subsequent appointment of a receiver. The motion should be denied, without costs.

Motion denied, without costs.