CASE 91—RULE AGAINST J. C. METCALFE IN CASE OF KENTUCKY NA-
TIONAL BANK, &C. V. COMMONWEALTH LAND & LUMBER CO. &C.,
TO SHOW CAUSE WHY HE SHOULD NOT SURRENDER A CERTAIN
LOT TO THE RECEIVER, &C.—JUNE 13.

# Metcalfe v. Commonwealth Land & Lumber Company's Receiver.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT MAKING RULE ABSOLUTE AND METCALFE APPEALS.    RE-
VERSED.

RECEIVERS—TAX SALE OF PROPERTY HELD BY RECEIVER—RIGHT OF
PURCHASER TO TAKE POSSESSION.

Held:    1. The fact that a court of equity has ordered a receiver to
take possession of property in litigation at the instance of one
of the parties to the suit does not prevent its sale for taxes
due the State, and the purchaser at such sale having obtained
a deed may take possession without leave of the court, and
without a suit therefor, if no one is in possession; and there-
fore, where contracts of renting made by the receiver's agent
had expired, and the tenants had removed, leaving no one in
possession, the purchaser at a tax sale having a deed was
not guilty of a contempt of court in taking possession, and it
was error to require him to surrender the possession thus ob-
tained.

2. As the purchaser's tax deed imports *prima facie* a compliance
with the statute by the assessing and collecting officers, the re-
ceiver, if he wishes to attack the sale for irregularities therein,
must institute in the county where the property is situated
such appropriate action as the parties to the litigation may
care to institute and the court may approve.

AUGUSTUS E. WILLSON AND MORRIS B. GIFFORD, FOR APPEL-
LANT.

## POINTS AND AUTHORITIES.

1. Fee simple title vests in the purchaser at tax sale, if
land be not redeemed within two years. Kentucky Statutes,
sec. 4154.

Sheriff's deed, in pursuance of a sale for taxes, is *prima facie* evidence of regularity of sale and all prior proceedings. Kentucky Statutes, sec. 4030.

Duty of purchaser at tax sale to give notice to former owner within fifty days after sale. Kentucky Statutes, sec. 4153.

2. Purchaser other than State shall have right of possession of lands purchased at tax sale at any time after six months from giving such notice. Kentucky Statutes, sec. 4152. The right of entry is a substantial and practical right. Tribble v. Frame, 7 J. J. Mar., 599; Tucker v. Phillips, 2 Met., 416.

3. A tenant who has been dispossessed and not the landlord is the only person entitled to sue for possession during the term. Trabue v. Talbott, 6 J. J. Mar., 602; Pogue v. McKee, 4 Mar., 128; Steele v. Logan, 3 Mar., 394; Buford v. Cox, 5 J. J. Mar., 586; Yoder v. Easley, 2 Dana, 245; Hudgins v. Temple, 13 B. M., 211.

4. (1) Appellant was guilty of no intentional contempt.

(2) Property rights can not be adjudicated in contempt proceedings. Beach on Receivers, sec. 258, Smith on Receivers, sec. 51; *Ex parte* William Hollis, 59 Cal., 412; Baldwin v. Hosmer, 59 N. W. Reporter, 452 (Mich. 1894).

(3) The court can not in contempt proceedings compel adverse claimant to surrender property to a receiver.

(4) Tax lien not affected by a receivership. Smith on Receivers, sec. 54.

W. B. DIXON, ATTORNEY FOR APPELLEE.

H. L. STONE, OF COUNSEL.

The Louisville Trust Co. was appointed receiver by an order of the Jefferson circuit court, chancery division, November 12, 1898, and directed to take forthwith possession of the twenty-seven and one-half acres now in controversy, and rent out same. He took possession and rented it for the year 1900, and had contracted it for 1901, but in December 1900, appellant, Metcalfe, took possession of it and has held it ever since. It is agreed that the receiver demanded possession thereof of Metcalfe and he refused to surrender possession.

After the receiver had demanded possession of Metcalfe, on his petition and motion, a rule was granted against Metcalfe to show cause why he should not be compelled to restore the possession of said land, &c.

1. We contend that Metcalfe's act in taking possession and withholding same from the receiver, after demand was made in the name of the receiver, was clearly a contempt of the court.

2. Any act preventing the receiver from carrying out the order of the court was a contempt.

3. Whether Metcalfe owned the land or not he had no right to take possession of it, in the face of the order directing the receiver to rent it out.

4. That a receiver may be in possession through tenants, is recognized by the authorities.

5. We admit that the court can not, in a contempt proceeding, compel an adverse claimant to surrender his property to a receiver, but it does not mean by adverse claimant, one whose claim arose or who acquired possession of the property after the receiver had taken possession, and was in possession by tenants.

6. If appellant entered in December, 1900, he entered upon property in the actual possession of the receiver. This was contempt. If he entered January 1, 1901, then he prevented the receiver from entering and placing in possession his tenant for the year, 1901.    This was contempt.

7. If appellant had a valid claim, his proper course was to apply to the court for permission to sue the receiver. He had no right to take the law in his own hands.

### AUTHORITIES CITED.

Hazelrigg v. Bronaugh, 78 Ky., 12; Louisville v. Lou. Gas Co., 15 R., 177; Parker v. Overman, 18 Howard, 143; Beach on Receivers, secs, 239, 258; Smith on Same, secs. 47, 54; Hinton v. Fox, 3 Litt., 382; Lee v. McDaniel, 1 Mar., 234; Jones v. Chiles, 2 Dana, 26; McLaurin v. Salmons, 11 B. M., 98; Chiles v. Jones, 7 Dana, 538; Brumfield v. Reynolds, 4 Bibb, 388; Canine v. Westerfield, 3 Mar., 1172; Young v. Ringo, 1 Litt., 226; Young v. Young, 22 Rep., 627.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

The Commonwealth Land & Lumber Company, an incorporated company, owned some real property in Harlan county, Ky. Its creditors brought an action against it in the Jefferson circuit court to sequestrate its property in satisfaction of their debts. In the proceeding the court appointed a receiver for the company's property, and directed him to take charge of it. The receiver appointed an agent in Harlan county, who made contracts of renting for the particular piece of property in litigation in this

case. These contracts expired on the last of December, 1900. In the meantime he had made another contract with another party for 1901, beginning the 1st of January. Before the appointment of the receiver, this property is alleged to have been assessed, with other properties of the Commonwealth Land & Lumber Company in Harlan county, for State and county taxes for the year 1898. The owner having failed to pay the taxes after demand by the sheriff, the lot of land in dispute in this case was advertised to be sold, and was sold in December, 1898. Appellant became the purchaser at the amount of taxes due, to-wit, $251.95. The property sold and thus purchased is a lot of twenty-seven and one-half acres of land, lying within the limits of the corporation of Mt. Pleasant. There was no building upon the property. Appellant gave to appellee the notice prescribed by statute, but no redemption was made of the property, and at the end of two years appellant caused the sheriff of Harlan county to execute to him a deed conveying to him the title of the Commonwealth Land & Lumber Company. After the crop had been cultivated for 1900, and had been gathered, the fencing was permitted to get out of repair, much or most of it having fallen down, the property being practically turned out into the commons. On the 1st of January, appellant, finding no one in possession, took possession of the property, inclosed it with a fence, and began to cultivate it. The Jefferson chancery court issued a rule in the actions of the Kentucky National Bank against the Commonwealth Land & Lumber Company and of the Mechanics' Trust Company, assignee of Falls City Bank against the Commonwealth Land & Lumber Company—these being the actions in which the receiver had been appointed—requiring appellant to show cause why he should not surrender the

possession of the lot in question to the receiver of the court and be punished otherwise for his contempt in ousting the receiver of his possession. Appellant pleaded the assessment and levy of the taxes, and his purchase of the property; the expiration of the redemption; his having given the notice as required by the statute; the execution of the deed to him by the sheriff after the expiration of the redemption; his having found the property not in the possession of any one; and his having taken the possession under these circumstances without intent to dispossess any one, and without knowledge of the court's claiming the possession through its receiver. The question is, was the receiver of the court in such possession of the property as prevented its sale by the sheriff for the taxes assessed against it, and as prevented the purchaser at that sale from taking possession of it, after the right of possession had attached, without his first having obtained the permission of the Jefferson circuit court? The circuit court adjudged the purchaser in contempt, and required him to surrender the possession of the land, and he has appealed.

By the statute the Commonwealth and county are given a superior lien upon all property within such county liable for taxes thereon. This lien is made paramount not only to other liens, but to all title and claims. By section 4154 of the Kentucky Statutes it is provided that if the taxes are not paid, and the land should be sold therefor, "if said lands purchased by individuals be not redeemed within the two years allowed for that purpose, the fee simple title shall at once vest in such individual." Section 4030 of the Statutes provides: "In all suits and controversies involving the titles of land claimed or held under a deed executed by a sheriff in pursuance of a sale for

taxes, the deed shall be *prima facie* evidence of the regularity of the sale and of 'all prior proceedings and title in person to whom the deed has been executed." Section 4152 of the Statutes provides: "The purchaser other than the State shall have the right of possession of the lands ·purchased by him at any time after the expiration of six months from the giving of the notice provided for in the next section." That notice is alleged to have been given in this case. The allegation is not denied. Appellant's argument is that, having the right of possession, and *prima facie* the fee simple title to the lot, he had the right of an owner to possess himself of his own, so long as he could do so without committing a breach of the peace, or in this case, without committing some act which would be, and ought to be regarded as being, a contempt of the court in which the property was in litigation between others than the purchaser. Courts appoint receivers over property in litigation at the instance of one of the parties to the suit, generally upon allegations that the other party in possession is so using the property that it will be destroyed, materially impaired, or removed beyond the jurisdiction of the court before the court can finally determine the question of the relative rights of the litigants. The court has no concern in the controversy other or further than to preserve the status of the thing in dispute until it may regularly and in an orderly manner adjudicate the controversy. Such adjudication can not affect either the title of others, not parties to the suit, nor can it affect liens of lienors not parties. The court's possession does not add to the title nor to the rights of the litigants in so far as third persons not parties are concerned. It must be equally manifest that the court's possession can detract nothing from the lien of the State for taxes assessed

against the property.   The sheriff is charged with these taxes, and is required to account for them.    His sureties upon his bond are liable for them.  If the litigants do not provide for their payment, there is no provision of law under which the sheriff may protect himself against the payment of these taxes to the State and to the county except for him to advertise and sell the property.    If he has the right to advertise and sell, the person who bids for it has the right to bid and if his bid is accepted by the sheriff, necessarily he obtains all the right under the bid that the statutes intend to give.    If the proceedings are regular, such purchaser acquires, in the language of the statute, the fee simple title to the property.    The question then arises, how may he obtain possession of that which is his own?    If another is withholding the possession from him, he is not at liberty to use force in gaining the possession, but he must apply to the courts having jurisdiction.   In the event that the possession is in the hands of a receiver of the court, it is the rule that he must apply to the court appointing the receiver for leave to institute an appropriate action against the receiver to recover the possession.   If the possession is in another than the receiver of the court, then he may at once sue in the court having jurisdiction of the subject-matter.   If no one is in the possession, then manifestly he has the right to possess himself of his own.   He then needs neither permission to sue, nor the aid of the suit.    An order directing the receiver to take possession of property is not equivalent to actual possession.    For example, the property may in point of fact be in the actual, adverse possession of a stranger to the litigation.    An order directing the receiver of a court in a litigation between A. and B. to take possession of a piece of property which was in

the possession of C., C. not being a party to the record, would be void as to C. It must be obvious that the receiver, notwithstanding the order, would not be in possession of the property. It is equally clear that, if no one is in possession of the property, an order directing the receiver to take possession does not of itself invest him with the possession. He must actually possess himself of it. This he may do in person or by tenants or agents. He may likewise dispossess himself by abandoning it. In this case we conclude that the receiver was not in the actual possession of the lot at the time that appellant entered upon it. Therefore appellant was not in contempt of the Louisville chancery court in that matter. It is said in High, Rec., 138: "The appointment of a receiver over property which is subject to taxation in no manner affects or impairs a lien upon the property for taxes." It is the duty of the owner to pay the taxes when due; and if the disputants in the litigation, each claiming to be the owner or entitled to the property, should care to preserve it from sequestration for the taxes due upon it, they should see to it that they are paid. Whatever judgment the court may render in the premises would be subordinate to the right of the Commonwealth to collect therefrom its taxes. It can serve no purpose of public policy for the court, because of the supposed involvement of its dignity, to aid taxpayers in avoiding or delaying the payment of those dues owing by them, and necessary for the carrying on of government. As there was nothing in the record to show but what the taxes had been regularly assessed in this case, and all steps antecedent to the sale were in strict conformity to the statute, appellant's deed importing *prima facie* a compliance with the statutes by the assessing and collecting officers, the court should not have

required appellant to surrender the possession of the property in dispute.    It should have left the receiver to such action as was afforded him by law in the courts of the county where the property was situated, as the parties to the litigation may care to institute, and the court may approve, to test any irregularities leading up to the sale, if there were any.

The judgment is reversed, and the cause remanded, with instructions to dismiss the rule against appellant, and to restore to him the possession of the lot in controversy, and for such other proceedings as may be necessary, not inconsistent herewith

Whole court sitting.

Judge DuRelle dissenting.