[No. 4353.   Decided January 7, 1903.]

THE STATE OF WASHINGTON *et al., Respondents, v* H. T.
DENHAM, *Appellant.*

CONTEMPT — ORDERS OF COURT — FAILURE TO OBEY.

Failure to comply with an order of court directing that the
property of a corporation be turned over to a receiver will not
subject a person to punishment for contempt, where he was not
a party to the proceeding in which the receiver was appointed
and in which the order was made, and where he retains posses-
sion of the property in good faith in the belief that it probably
belongs to others than the corporation.

APPEAL — DOUBLE JUDGMENTS — REVERSAL OF BOTH TO CLEAR RECORD.

Where two journal entries of a final judgment were entered
under different titles, the second entry being made to correct
some inadvertence in the first, but without ordering its cancella-
tion, and appeal was taken from both judgments, the supreme
court will, on reversing the judgment, direct a reversal on each
appeal, in order to clear the record.

Appeal from Superior Court, King County.—Hon.
WILLIAM R. BELL, Judge. Reversed.

*William P. Reynolds* and *Arthur Remington,* for appel-
lant.

*James J. McCafferty,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was found guilty of con-
tempt, and appeals from the judgment and sentence pro-
nounced upon him.   The record discloses that on April 14,
1902, in an action brought by M. Blanton against the
Tontine Savings Association, a corporation, J. A. Paine,
was duly appointed permanent receiver of the property and
effects of the corporation, and duly authorized to take pos-
session of all of its property.   The order appointing him

such receiver contained, among others, the following recital:

"And all other persons having, if anything, in his or their or its possession, and under his or her or its control, any books, papers, personal property, accounts, money, or assets of any and every kind, name, nature, or description whatsoever, be, and they are hereby, ordered and directed forthwith to immediately turn the same over to the said receiver above named, upon demand."

Thereafter, on April 22, 1902, the receiver made and filed with the court an affidavit in which he averred, in substance, that he had heard that the appellant, who resided in the city of Tacoma, had in his possession money and property belonging to the corporation of which he was receiver; that he called upon the appellant, and exhibited to him the order of court showing his appointment and qualification as receiver, and demanded of him such property; that the appellant requested that the receiver go with him to see his attorney, whom he wished to consult regarding the matter; that they did go to the attorney's office, where the appellant stated to him that he had in his possession, belonging to the Tontine Savings Association, certain books of account, stubs, contracts, and other papers, together with a sum of money amounting to between $7,000 and $8,000, a part of which he was in doubt as to whom it properly belonged,—whether to the persons who paid the money over to him, or to the corporation,—and that he wished time to segregate it, and would then turn over to him such as he found belonged to the corporation; that a few days later he received a telephone message from the attorney, saying that he and the appellant had been very busy, and unable to make out the account in full, but would report and deliver the money and property on Tuesday, the 22d of April, 1902; that on the 22d of April the

attorney called upon him and informed him that he had
concluded that the property did not belong to the corpora-
tion, and that he would not turn it over or deliver it to the
receiver until the further order of the court.   He prayed
that the court instruct him what further to do in the
premises.     This affidavit was presented to the court on
the 24th of April, who ordered that the appellant appear
on the next day and show cause why he should not be
punished as for contempt.   The appellant appeared by his
counsel only, who sought to raise certain questions going to
the jurisdiction of the court and the sufficiency of the pro-
ceedings; but these were overruled, and the appellant fined,
in spite of the assumption on the part of the attorney of
responsibility for the acts of his client, and his disclaimer
of any intent to be discourteous, disobedient or contemptu-
ous.

Passing by the questions raised as to the regularity of
the proceedings had at the hearing of the cause, we are un-
able to find elsewhere in the record anything which justi-
fies the judgment appealed from.     It must be borne in
mind that the appellant was not a party to the action in
which the receiver was appointed, and that the general or-
der above quoted was not directed to him specially.     He
could not be guilty of a disobedience of that order, there-
fore, unless he willfully withheld property, after demand
and notice, which confessedly belonged to the corporation.
For property in his hands which he in good faith believed
belonged to others, and to whom he would be responsible
if it did in fact belong to them, he cannot be punished for
contempt for retaining, even though it afterwards turned
out that he was wrong in his belief.     In other words, con-
tempts punishable by fine and imprisonment partake of the
nature of crimes, and a wilful intent to commit the con-

temptuous act, as well as the commission of the act itself, must be shown, in order to constitute the offense.    The affidavit, which alone must furnish a justification for the punishment of the appellant, falls far short of making a case coming within these requirements.    While it is true that it recites that the appellant at one time admitted that he had property belonging to the corporation, and promised to ascertain the amount and turn it over to the receiver, it nowhere avers that he actually has such property; and it is apparent from the affidavit, as a whole, that he afterwards concluded differently, and refused to turn the property over because he believed that persons other than the receiver were entitled to it.    There is nothing in the record that impugns his good faith, or the good faith of the attorney who advised with him.    There was not, therefore, a willful withholding of property which confessedly belonged to the corporation, nor was there a disobedience of an order directing this particular property to be turned over to the receiver.    It would seem that the remedy of the receiver, under the circumstances, lay in some form of civil action in which the rights of the parties to the property could have been tested; but, be this as it may, we are clear there is no showing which justified finding the appellant guilty of contempt.

It appears that two journal entries of the final judgment were filed and entered in the court below, under different titles, and that appeals have been prosecuted from both of them, which appear in this court as separate causes. There was, however, but one final judgment; the second entry being made to correct some inadvertence appearing in the first, but without ordering its cancellation.    To clear the record, it is ordered that the judgment appealed from be reversed on each appeal, and that the cause be remanded,

with instructions to dismiss the proceedings against the appellant.

REAVIS, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.