[No. 16855. Department One. April 19, 1922.]

LUTHER WONDER, *Plaintiff*, v. OLYMPIC SMELTERS COMPANY, *Defendant*.

THE STATE OF WASHINGTON, *on the Relation of Harry L. Parr, as Receiver etc., Respondent*, v. GABRIEL WALLIS, *Appellant*.[1]

RECEIVERS (39)—TITLE AND POSSESSION OF PROPERTY—REMEDIES OF RECEIVERS—CONTEMPT PROCEEDINGS. Where an officer of a corporation, after appointment of the receiver, wrongfully came into the possession of a government warrant belonging to the insolvent corporation, and cashed it and failed to forward the proceeds to the receiver, he can be compelled to do so in contempt proceedings; and it is no defense that, since the contempt proceedings were instituted, third persons claiming an interest therein had brought suit to recover the same; since the order in contempt will be a complete defense to the action.

Appeal from an order of the superior court for Thurston county, Wright, J., entered July 7, 1921, directing the payment to a receiver of property belonging to an insolvent corporation, after a hearing before the court. Affirmed.

*Gordon & Nolte*, for appellant.
*Thos. L. O'Leary*, for respondent.

PER CURIAM.—The Olympic Smelters Company is a corporation organized under the laws of the state of Washington, having its principal place of business at Olympia, in Thurston county. On September 15, 1919,

[1]Reported in 206 Pac. 360.

at the suit of Luther Wonder, instituted in the superior court of Thurston county, the corporation was adjudged insolvent and one Harry L. Parr was appointed receiver thereof. At the time of the adjudication of insolvency and the appointment of the receiver, the corporation had a claim pending before the Department of the Interior of the government of the United States for damages arising from some act of the government during the late war, the precise nature of which is not shown. In August, 1920, the Interior Department allowed the claim for the sum of $5,437.05, and soon thereafter forwarded its warrant to the smelter company for the amount so allowed. For some reason not explained, the letter enclosing the warrant was not delivered to the smelter company, nor to Parr, its receiver, and was returned to the department. Later on the appellant, Wallis, who. was vice-president of the smelter company, learned of the issuance of the warrant, caused the same to be forwarded to him, indorsed and cashed it, and failed to forward the money received thereon to the receiver, or even notify him of its receipt. The receiver learned of its receipt through other sources and made demand upon the appellant for it. This demand was refused, whereupon the receiver, on May 27, 1921, instituted the present proceedings against the appellant, Wallis, seeking to require him to turn over to the receiver the proceeds of the warrant. The proceeding was in the form of a petition, citing the appellant to turn over to the receiver the proceeds of the warrant, otherwise to show cause why he should not be punished for contempt.

In response to the citation, the appellant demurred to the jurisdiction of the court, and to the sufficiency of the facts set out in the petition. The demurrer was overruled, whereupon he made return, setting forth

that the sum held by him was claimed by third persons, none of whom were parties to the proceedings. After a partial hearing on this return, the cause was con-, tinued for a further return and counter-showing. Sub- sequently the appellant made a further return, setting out that a suit was pending in the superior court of Pierce county wherein A. W. Spike was plaintiff and the appellant, with others, including the corporation and the receiver, were defendants, in which the plain- tiff claimed an interest in the fund. The appellant further returned that he stood at all times ready and willing to dispose of the fund in accordance with an order and decree of a court of competent jurisdiction.

At the conclusion of the hearing, the court made an order requiring the appellant to pay the proceeds of the warrant to the clerk of the superior court of Thur- ston county within thirty-six hours after service of the order upon him, failing in which an order was directed to be issued for the arrest and imprisonment of the appellant until he should comply therewith. The ap- peal is from this order.

For reversal, the appellant relies upon the case of *State v. Denham,* 30 Wash. 643, 71 Pac. 196, but the difference in the facts, we think, differentiates the cases. In the cited case, the defendant was, at the time of the appointment of the receiver, in possession of property claimed by a third person, to whom the de- fendant would be answerable if he wrongfully delivered it to another. The receiver, relying on a general order made at the time of his appointment requiring all persons having property in their possession be- longing to the corporation to turn it over to the re- ceiver, made demand on the defendant for the prop- erty. The defendant, under the advice of counsel, re- fused to deliver it to the receiver, wherefore contempt

proceedings were instituted against him. To the citation he appeared by counsel, who raised questions going to the form of the procedure and the jurisdiction of the court. These were overruled and, without further proceedings, a fine was imposed on the defendant. There was no specific order of the court directing the defendant to turn over the particular property, nor order at all, except the general order mentioned, and an opportunity was not given the defendant to show to whom the property rightfully belonged. But here the appellant came into possession of the money after the appointment of the receiver, and under circumstances which it is charitable to characterize as wrongful. He does not himself claim any right to the money. His sole defense is that the property is claimed by others, and that one of such claimants has instituted an action against him to recover a part of the money. But the claims, whether valid or otherwise, do not justify the withholding of the money by him from the person rightfully entitled to its possession. The order of the court requiring him to turn the money over to the receiver will be a valid defense to any action the claimants may institute against him. Nor does the pending action have any greater effect. It involves the same property and was instituted after the institution of the proceedings by the receiver. The courts in which the separate proceedings are pending are of coordinate jurisdiction. The jurisdiction of one court over the subject-matter of an action cannot be ousted by the institution of a suit over the same subject-matter in a court of coordinate jurisdiction. As a defense to the later action the defendant has but to plead the judgment entered in the first court, or, if judgment has not been entered, the pending of the action therein.

The appellant has submitted no argument on the question of the jurisdiction of the Thurston county

court, and we shall not ourselves discuss the question. It is sufficient to say that we see no reason why the proceeding instituted is not cognizable in that court, nor why the appellant is not subject to its jurisdiction.

The order will stand affirmed.