### EX PARTE ELMER RENFRO.

No. 4334.  Decided June 27, 1925.

(273 S. W., 813).

**1.—Receivers—Possession of Property—Summary Proceedings.**

A receiver cannot ordinarily through summary proceedings take into his custody property found in the possession of strangers to the record claiming adversely. He merely stands in the place of the party over whose property he has been appointed receiver, and has no greater rights. (P. 87.)

**2.—Same—Action—Parties—Jurisdiction.**

To obtain possession of property in the hands of a stranger to the receivership suit claiming it adversely, the receiver should bring an action against him therefor, or he should be made a party in the suit for receivership. A summary order requiring him, without being made a party or being given opportunity to be heard, to deliver up the property to the receiver is void for want of jurisdiction, and will not support an order imprisoning him for contempt of court in failing to comply with it. (Pp. 87, 88.)

**3.—Bank—Deposit on Certificate—Trust or Agency.**

A certificate of deposit in a bank in ordinary form does not evidence any fiduciary or trust relation subjecting the bank to summary control of a court appointing a receiver for the depositor. (P. 88.)

**4.—Same—Statute—Inter-insurance.**

The Act of April 9, 1915, Laws, 34th Leg., Ch. 156, p. 269, regulating reciprocal or inter-insurance indemnity contracts, in requiring a deposit with a state or national bank to secure payment of losses, does not make the bank a trustee as to such deposit occupying any different relation from that created by a deposit for time in the ordinary form of a certificate of deposit. As against a receiver of the depositing company the bank and

its cashier were entitled to try, before a proper tribunal and under due process of law, the question whether the amount was payable before the maturity of the certificate. (P. 88.)

### 5.—Contempt of Court—Habeas Corpus—Case Stated.

An inter-insurance company organized under Chapter 16, Art. 71 of the statutes (Acts of 1915, Ch. 156) deposited $10,000 with a bank on certificate of deposit for one year in the ordinary form. Before the maturity of the certificate there were conflicting appointments of receivers by different courts, each claiming jurisdiction, one of which made an order for the bank and its cashier, neither made a party to the proceedings, to turn over to its receiver the amount of the deposit. On failure to comply it fined the cashier for contempt and ordered him imprisoned till he should do so. On writ of *habeas corpus* obtained by him he is here discharged, the order of the court and that imprisoning him for disobeying it being held void. (Pp. 85-88.)

Elmer Renfro, being imprisoned by order of the District Court of Tarrant County, Sixty-seventh District, for contempt in disobeying an order of the court, applied to the Supreme Court for writ of *habeas corpus,* and on hearing thereon is discharged.

*Lassiter, Harrison & Pearson* and *Charles L. Black,* for relator.

The Court's order involved herein operates to imprison relator for failure to pay a mere debt, and is, therefore, unconstitutional, illegal and void. Ex Parte Coward, 110 Texas, 587; Ex Parte Digner, 30 Texas App., 566; Ex Parte Tucker, 110 Texas, 335; Ex Parte Gerrish, 57 S. W., 1123; Ex Parte Davis, 101 Texas, 607; Karutte v. Superior Court, 134 Calif., 660; Const., Art 1, Sec. 15; State v. Paint Rock Coal Co., 20 S. W., 499; Cunningham v. Colonial, etc., Co., 57 Kans., 675; Gilliam v. McJunkin, 2 Rich., 442; Nelson v. Hill, 89 Fed., 477; Goodwalline v. Milliman, 56 Ill., 526; 13 Corpus Juris, 12.

The fact, if true, that the fund actually deposited may have been a trust fund—that is, a fund in which some other person or persons had an interest—did not prevent the deposit from becoming a general deposit, creating the relation of debtor and creditor. The terms of the certificate show only a general deposit in the name of the Associated Employers Reciprocal. 1 Morse on Banking, Sec. 183, 186, 191, 192, 205; 2 Perry on Trusts, Sec. 828; Mills v. Swearingin, 67 Texas, 269; Interstate Nat'l. Bank v. Claxton, 97 Texas, 569; Fletcher v. Sharpe, 108 Ind., 276; Paul v. Draper, 158 Mo., 197; Page Co. v. Rose, 106 N. W., 744; Otis v. Gross, 96 Ill., 612; Retan v. Union Trust Co., 134 Mich., 1; McNulta v. West Chicago Park, 99 Fed., 900.

The bank not being a party to the receivership suit, the in-

junction order entered against it summarily on a mere motion is void. Ex Parte Hollis, 59 Calif., 405; Ex Parte Tinsley, 40 S. W., 309; People v. Simonson, 10 Mich., 335; Port Huron & Gratiot Ry. Co. v. Judge, of St. Clair, 31 Mich., 456; Salling v. Johnson, 25 Mich., 489; McCooms v. Merryhew, 40 Mich., 721; Arnold v. Bright, 41 Mich., 207; Brewer v. Kidd, 23 Mich., 440.

*Ocie Speer* and *Small & McGee,* for respondent receiver.

*Habeas Corpus* will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void but only voidable. Bens v. United States, 266 Fed., 152; Givens v. Zerbst, 255 U. S., 11; Harlan v. McGourin, U. S.; 54 L. Ed., 1101; Ex Parte Smith, 214 S. W., 320; Ex Parte Roach, 221 S. W., 975; Ex Parte Adlof, 215 S. W., 222; 29 C. J., 51 (Sec. 46); Ex Parte Lennon, U. S., 41 L. Ed., 1110.

Where the detention is under the judgment of a court of general jurisdiction, the generally prevailing rule is that the presumption in support of jurisdiction is conclusive unless a want of jurisdiction appears on the face of the record; and this presumption, and especially the express recitals of jurisdictional facts cannot be rebutted by evidence dehors the record. Ex Parte Lennon, U. S., 41 L. Ed., 1110; Ex Parte Savage, 158 Fed., 205; Glansman v. Ledbetter, 130 N. E., 230; Quinn v. State, 228 S. W., 233; Ex Parte Morgan, 124 S. W., 99; 29 C. J., 169, Sec. 193.

The general rule is that when a court appointing a receiver has made an order requiring the delivery to him by a party of the estate or property over which the receivership is extended, it may enforce obedience by contempt process. 34 Cyc. 207; Ex Parte Tinsley, 40 S. W., 306; 13 C. J., 9, Sec. 12.

The power of the Court to punish by contempt extends not only to parties to the suit, but also to persons not parties to the action where they are acting either as the agents or servants of the defendants or in combination or collusion with them or in assertion of their rights or claims. Where a stranger to the suit has in his possession funds or properties admittedly belonging to the estate being administered, such person is subject to contempt proceedings for a disobedience of the orders of the court to deliver to the receiver. Ex Parte Tinsley, 40 S. W., 306—11; Rigas v. Livingston, 70 N. E., 107, 74 N. E., 431; Edrington v. Pridham, 65 Texas, 612; Ex Parte Morris, U. S., 19 L. Ed., 799; Adams v. Haskell, 6 Cal., 316.

Since, under the statute the deposit by the Associated Em-

ployers Reciprocal with the Farmers & Mechanics National Bank of Fort Worth of $10,000.00, constituted a trust fund "for the payment of losses," it follows that the real owners of such fund are the beneficiaries in the State represented here by the receiver, and that the ordinary relation of debtor and creditor—bank and depositor—does not exist; such beneficiaries, through the receiver, are entitled to the possession of the fund held merely as a fiduciary in such trust, and the bank itself would not be permitted to assert any individual right or interest therein conflicting with the rights of such beneficiaries. Vernon's Sayles' Supplement, 1918, Art. 4972A (g) ; Morris, etc. Bank v. Bank, 245 S. W., 89; Interstate, etc. Bank v. Claxton, 80 S. W., 607; Anderson v. Walker, 49 S. W., 937; First State Bank v. Hill, 141 S. W., 300; Wimberley v. Bank, 250 S. W., 334; National Bank v. Life Insurance Co., U. S., 26 L. Ed., 683; 3 R. C. L., 552.

The jurisdiction of the 67th District Court having attached, and a receiver for the properties of the Associated Employers Reciprocal having been appointed by that court, its jurisdiction attached and the property of the Association whether in the actual or constructive possession of such receiver belongs exclusively to that court as against the claims of receivers appointed by other courts in proceedings subsequently begun; the 67th District Court having first acquired jurisdiction over the properties will maintain it to the end as against all other claims of receivers subsequently appointed, the remedy of such claimants being to intervene in the proceeding in the Tarrant County Court where their claims, if superior for any reason, will be recognized. Lion, etc. v. Karatz, U. S., 67 L. Ed., 880; Palmer v. Texas, U. S., 53 L. Ed., 440; Texas v. Lewis, 16 S. W., 647.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is a habeas corpus proceeding arising out of facts which will be stated.

The Associated Employers Reciprocal is an indemnity inter-insurance exchange organized under Chapter 16, Title 71, of the Statutes of this State, providing for the exchange of reciprocal contracts of indemnity. (Acts of 1915, Chapter 156). On September 2, 1924, this association deposited in the Farmers & Mechanics National Bank of Fort Worth, Texas, of which the relator, Elmer Renfro, is cashier, the sum of $10,000, receiving therefor a certificate of deposit, reading as follows:

"CERTIFICATE OF DEPOSIT

"The Farmers & Mechanics National Bank of Fort Worth, No. 6085. $10,000.00.

"Fort Worth, Texas, Sept. 2, 1924.

"Associated Employers Reciprocal has deposited in this bank Ten Thousand Dollars, 00 cents, payable to the order of same on the return of this certificate properly endorsed 12 mo. after date of July 1st, 1924 at 4% per annum.

"E. Renfro, Cashier.

"Not subject to check.

"No interest will be allowed on this certificate of deposit after the time mentioned in writing has elapsed."

It is to be observed that this certificate of deposit is in the usual and ordinary form, and was not due and payable at the time of the proceedings in issue here, and will not be until July 1, 1925.

Some two or three different receivers were appointed of the Associated Employers Reciprocal, and there was, and is, a serious conflict of jurisdiction of the various courts appointing these receivers. One of these conflicts, that involving the appointment of J. W. Mingus, receiver, by the District Court of Stephens County, is now under submission in this court. It is unnecessary for us to decide which court had the right to appoint a receiver in this case. That question is reserved for determination in the other case now pending here.

This habeas corpus proceeding arises out of proceedings had in the Sixty-seventh District Court of Tarrant County, which appointed George B. Gay receiver of the Associated Employers Reciprocal. Neither the relator nor the Bank of which he is cashier was a party to the receivership proceedings in that court.

On the second of December, 1924, the Tarrant County District Court, without any notice or hearing, made and entered an order, on the application of its receiver, George B. Gay, directed against the Farmers & Mechanics National Bank and the relator, ordering and directing the Bank to immediately pay over and deliver to the receiver the sum of $10,000, standing to the credit of the Associated Employers Reciprocal in the Bank, and which is evidenced by the certificate of deposit just quoted.

The Bank having failed to pay over the money as directed, Gay, the receiver, instituted proceedings to have the Bank and the relator, its cashier, adjudged guilty of contempt. The court

made and entered an order reciting the failure of the Bank to pay the deposit of $10,000, and adjudged the Bank and the relator guilty of contempt. By the terms of the order a fine of $100 was imposed on the Bank, and a like fine on the relator, and relator was placed in the custody of the Sheriff of Tarrant County, to be imprisoned in the county jail until he paid the fine imposed on him, and until he should turn over and deliver to Gay, the receiver, the $10,000 referred to and pay the costs of the contempt proceedings. The commitment was issued, etc., and the relator was in the hands of the sheriff when his application for writ of habeas corpus was made to this Court.

It is obvious that the court had no power to enter the order upon summary proceedings requiring the Bank and the relator to pay the $10,000 deposit to Gay, the receiver. The general rule is well established that a receiver cannot ordinarily through summary proceedings take into custody property found in the possession of strangers to the record claiming adversely. The principle upon which the cases announcing this rule generally rest is that the receiver merely stands in the place of, and has no greater rights than, the party over whose property he has been appointed receiver; that everyone is entitled to his day in court, and that summary proceedings are not suitable to try conflicting claims of title. The ordinary course to pursue in such cases where a receiver desires to obtain possession of property in the hands of a stranger to the receivership suit, claiming adversely, is either for the receiver to bring an action against the third party, or for the plaintiff to make him a party to the suit and have the receivership extended to him. Contempt proceedings are not appropriate. 23 Ruling Case Law, p. 60, Sec. 66, and cases cited in the notes; Tardy's Smith on Receivers (2nd ed.), Vol. 2, p. 2093; Beach on Receivers, Sec. 245; Ex Parte Tinsley, 37 Texas Crim., 517, 40 S. W., 306, 309; Parsons Mining Co. v. McClure, 17 N. M., 694, 47 L. R. A. (N. S.), 744, and many cases cited in the notes; Baldwin v. Hosmer, 101 Mich., 119, 25 L. R. A., 739; Albany City Bank v. Schermerhorn, 9 Paige (N. Y.), 372, 38 Am. Dec., 551; Ex Parte Hollis, 59 Calif., 405; Havemeyer v. Superior Court, 87 Calif., 267, 10 L. R. A., 627; Metcalfe v. Commonwealth Land & Lbr. Co., 113 Ky., 751, 68 S. W., 1100; St. Louis, K. & S. R. Co. v. Wear, 135 Mo., 230, 36 S. W., 366; White v. Gates, 42 Ohio, St., 109; Tapscott v. Lyon, 103 Calif., 297; State v. Denham, 30 Wash., 643, 71 Pac., 196; Hook v. Bosworth, 12 C. C. A., 208; 64 Fed., 443; Christie v. Burns, 83 Ill., App., 514; People v. U. S. Law B. & S. Co., 24 Misc., 535, 53 N. Y. Supp., 852.

It is useless to quote the authorities, as they amply support the contention of the relator, and are available.

We recognize the proposition that a different rule might prevail where one holds the property merely as trustee or agent, and does not claim an adverse interest. 23 Ruling Case Law, p. 61, Sec. 67. No such case, however, is presented to us. The certificate of deposit before us evidences an ordinary deposit contract, and does not import any fiduciary or trust relation. Leaphart v. Commercial Bank, 45 S. C., 563, 23 S. E., 939.

It is true that Chapter 156, General Laws of the Thirty-fourth Legislature requires that each interinsurance association file a declaration with the Insurance Commissioner showing various things requisite to the right to transact business—among other things, that there is on deposit with some State or National bank, as a depository for the payment of losses, not less than the sum of $10,000. It is contended that this statute necessarily makes the Bank trustee of this particular $10,000 involved in this case. The Bank denies this, and, aside from that, contends that the deposit was of the ordinary character evidenced by the deposit certificate, and that it was not due and payable when demand for its payment was made by the receiver. This affirmation and denial of course make a justiciable question, and the Bank and its cashier were clearly entitled to try the question under due process of law—that is, before a tribunal properly erected under the Constitution, upon notice and hearing as provided for by the Constitution and Statutes. In this case neither the Bank nor the relator was given due process of law in determining the question that the Bank ought to pay to the receiver the $10,000 involved. The summary judgment directing them to make this payment was therefore void. Authorities supra; 6 Ruling Case Law, p. 446, Sec. 442, p. 456, Sec. 452.

The District Court being without power to enter the summary order directing the payment of the $10,000 involved, and having directed its payment without due process, the order will not support contempt proceedings. 6 Ruling Case Law, p. 505, Sec. 17, and cases in note 4; In Re Havlik, 45 Neb., 747, 64 N. W., 234; State v. District Court, 21 Mont., 155, 69 Am. St. Rep., 645; Dodd v. Una, 40 N. J. Eq., 672, 5 Atl., 155; People v. Weigley, 155 Ill., 491, 40 N. E., 300; St. Louis, K. & S. R. Co., v. Wear, 135 Mo., 230, 36 S. W., 357; State Ex Rel. Evans v. Winder, 14 Wash., 114, 44 Pac., 125; see also the case of McHenry v. State, 91 Miss., 562, 16 L. R. A. (N. S.), p. 1062, and cases in the notes.

The decree punishing relator for contempt is therefore void, and he is discharged.