## EASTLAND COUNTY v. CHAPMAN, Commissioner of Insurance and Banking.
### (Motions Nos. 6847 and 6859.)

(Commission of Appeals of Texas, Section B. Dec. 2, 1925.)

**1. Banks and banking ⬤⇒15—County funds, deposited in state bank after agreement, held within depositors' guaranty fund.**

Where county depository failed to furnish the required bond, and agreed that county funds should be within depositors' guaranty fund, subsequent deposits by county *held* to be general noninterest-bearing deposit within state fund, and not a special deposit constituting a trust, notwithstanding agreement was ultra vires and that bank knew public nature of deposit, in absence of any show of attempted fraud against depositors' guaranty fund.

**2. Banks and banking ⬤⇒129—Bank having notice that property belongs to other than depositor cannot disregard rights of real owner.**

Where bank has notice that deposit is in truth the property of another than depositor, or a trust, it may not deal with deposit thereafter in disregard of the rights of the real owner or beneficiary.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

On motions for rehearing. Motions overruled.

For former opinion, see 276 S. W. 654.

SPEER, J. We have carefully examined the motions for rehearing by plaintiff in error and by defendant in error, and are of the opinion they should be overruled.

[1] The importance of the question raised, and the force with which counsel for the commissioner of banking presents the matter, justify us in elaborating our reasons for affirming the judgment in part against the depositor's guaranty fund. It is insisted by the commissioner that, since our statutes alone furnish the authority for the county commissioners to deposit the public funds, any attempt by them to do so which is not

in compliance with those statutes is unauthorized, and could not, as matter of law, produce the relation of depositor and banker, but, rather, that the funds so left with the bank would become a 'trust. It is said in Corpus Juris (7 C. J. p. 633):

"With regard to the effect of deposits of trust funds, the authorities are not in entire accord. According to one view, which appears to prevail more generally, deposits made by trustees, executors, administrators, assignees, agents, public officers and other persons who are serving as fiduciaries, are usually considered as simply general deposits, and, if the bank fails to pay them, the beneficiaries have no peculiar claims or rights over other creditors, but must share like other creditors."

Again:

"Where a public officer deposits money in a bank with no agreement that it is to be held as a special deposit, the relation of debtor and creditor is created between him and the bank, and the money ceases to be the property of the officer, and becomes that of the bank, which becomes obligated to refund any balance, not in the identical money deposited, but in the funds of the bank." Michie, Banks and Banking, vol. 1, p. 952.

And by yet another text-writer it is said:

"The public funds of a municipality may be deposited in a bank, and the bank may agree to pay interest on such deposit, and can also give a bond to the municipality for security. The statutes of the state may provide otherwise. The Constitution of a state may also make the receiving of such a deposit, when received as a general deposit, unlawful. Where such a statute or constitutional provision is in force, the deposit cannot be. made and received as a general deposit." Magee, Banks and Banking, p. 277.

Morse on Banks and Banking states substantially the same doctrine. Volume 1 (5th Ed.) p. 418. Of course, where the statute or Constitution forbids expressly such a deposit of public funds as is under consideration, the attempt to create the relation of depositor and bank debtor would be futile. But we know of no statute or fundamental law making void such attempt. The most that can be said is the act of the commissioners was beyond their power, in other words, ultra vires. Clearly, we think this is the most that could be said, and we are of the opinion the bank could not take advantage of this fact to deny that the relation of creditor and debtor did exist, and, perforce of the statute making the guaranty fund liable for such unsecured deposits, the commissioner in the present case is in no better position. The commissioners and the state bank unmistakably contemplated that the $85,557.83 actually deposited should be a general deposit through which the funds would pass to, and be under the control of, the bank, and it would be doing violence, we think, to the intention of all parties to treat the transac-

tions as though the deposit was in trust, to be returned in kind to the commissioners.

Counsel for the commissioner has cited us to a line of cases which would. appear in some measure to support his contention that this fund should be treated as a trust fund, notwithstanding the agreed nature of the deposit. But an examination of those cases will show that in most of them the owners of the fund repudiated the attempted bank deposit, and timely sought to establish the trust character of the fund. There is nothing of the sort in this case. If the deposit could be traced into the hands of the liquidating agent, and Eastland county should desire to repudiate the attempted deposit by .its commissioners, and establish the true character of the fund, it may be the courts would give it such relief, and neither the state bank nor the representatives of the guaranty fund could, of course, complain. But, on the other hand, the deposit having been actually made literally within the terms of our guaranty deposit law, and the county insisting upon its rights as such depositor, we 'are fully persuaded that neither the bank nor the commissioner representing the guaranty fund can yet complain.

Even though the bank knew the deposit. was of public funds, this did not necessarily constitute the same a special deposit, despite the efforts and intention of all parties, but the relation of creditor and debtor could be, and was,· effected by the arrangement. This. view is supported by the quite recent case of Ex parte Renfro (Tex. Sup.) 273 S. W. 813. In that case an out of state insurance concern deposited in the Farmers' & Mechanics' National Bank of Fort Worth the sum of $10,000, receiving therefor an ordinary certificate of deposit, payable, with interest, 12 months after date. The deposit was made in pursuance of our statute requiring such deposit for the protection of losses in the state. .The insurance concern became insolvent, and a receiver was appointed for its affairs. The receiver sought to collect from the bank this deposit through a summary proceeding, upon the theory that the relation of depositor and bank did not exist, but that the bank held the sum as a trust fund. The Supreme Court denied the right of the administering court to compel the payment of the fund to the receiver upon such summary process, saying:

"The bank * *· * contends that the deposit was of the ordinary character evidenced by the deposit certificate, and that it was not due and payable when demand for its payment was made by the receiver. This affirmation and denial, of course, make a justiciable question, and the bank and its cashier were clearly entitled to try the question under due process of law."

If the deposit required by our insurance statute in that case specially for the protection of policy holders in this state could

nevertheless assume the form of a general deposit, then, for precisely the same reason, our conclusion with reference to the deposit in this case is sustained. The holding that the allegations in that case presented a justiciable question can mean nothing else than that trust funds (in fact) may be deposited as upon a general deposit.

[2] Of course, a different principle supervenes where the bank has notice that a deposit in one's name is in truth the property of another, or a trust, and, after such notice, it is not authorized to deal with the deposit in disregard of the rights of the real owner or beneficiary. Upon such notice a new duty arises, but, in the absence of such notice, the bank would not only be justified, but required, to deal with the deposit according to its undertaking. As already indicated, there is no contention whatever between Eastland county and her commissioners, and it does not lie with the bank nor the commissioner to deny what has been solemnly agreed; that is, that these funds were on deposit as a general, unsecured, noninterest-bearing deposit.

We recommend that both motions be overruled.