### MARTINEZ et al. v. WATSON. (No. 8264.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 23, 1929.

Gordon Gibson, of Corpus Christi, for plaintiffs in error.

Strickland & Ewers, of Mission, for defendant in error.

FLY, C. J. This is an action of trespass to try title filed by defendant in error to recover of plaintiffs in error lot No. 10 in block No. 91 in the city of Mission. The suit was filed on August 14, 1928, the next term of the district court convening on the first Monday in September, 1928. A citation was issued on August 14, 1928, and was served on August 20. The citation commanded the summoning of Ophelia Resendez de Martinez and her husband, Luis F. Martinez, to appear "before the Honorable 93rd District Court of Hidalgo County, Texas, at the next regular term thereof to be holden at the Court House in Edinburg, on the first Monday after the first Monday in September, A. D. 1928, the same being the 3rd day of September, A. D. 1928." They did not appear, and on September 4, 1928, judgment by default was rendered against them for the land. From that judgment this writ of error has been prosecuted by plaintiffs in error.

It is apparent that the summons to appear was placed on an impossible date, "the first Monday after the first Monday in September, A. D. 1928, the same being the 3rd day of September, A. D. 1928," and the judgment by default was null and void. The provisions of the statute (Rev. St.) article 2022, are mandatory, and its requirements must be strictly complied with in order to support a judgment by default. Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Carlton v. Mayner, 47 Tex. Civ. App. 47, 103 S. W. 411; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731. Defendant in error has confessed error in the judgment.

The judgment is reversed, and the cause remanded.