## SGITCOVICH v. SGITCOVICH.

### No. 12238.

Court of Civil Appeals of Texas. Galveston.

Jan. 25, 1951.

Rehearing Denied Feb. 15, 1951.

---

Julia Mae Anderson, Houston, for appellant.

Walter S. Hart and Barkley, Pardue & Tigner, Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal by writ of error for the correction of a default judgment in a suit brought by appellee, Annie Sgitcovich, against Lucy Sgitcovich for recovery of the value of certain articles, including miscellaneous bed clothing, linens, personal effects, etc., and rents which she alleged had been wrongfully taken from her by appellant. Judgment by default was entered against appellant for the sum of $3,964.69.

After citations to obtain service on appellant by both the sheriffs of Harris and Galveston Counties were returned with notations that appellant could not be found, appellee made an application to the trial court for authority to serve her with citation under Rule 106, Texas Rules of Civil Procedure, by leaving citations with a copy of the petition attached in the office of E. C. Clason, Real Estate Agent, Galveston, Texas; and with Lena Steponavic; Bernard A. Golding, an attorney who had formerly represented appellant, and Mrs. M. M. LaFluer.

The record does not disclose that citation was served upon appellant or that she was given notice of the suit. She did not participate in the trial either in person or by an attorney.

In her appeal by writ of error to set aside this default judgment appellee alleged that citation was never served on her or any one authorized by her to receive it.

In this appeal she relies upon ten points of assigned error based largely upon her

contention that the court erred in entering a default judgment against her in the absence of proper service upon her or an appearance by her or her attorney to warrant a default judgment. She contends that the trial court erred in not construing Rule 106, T.R.C.P., in harmony with Rule 21a as in pari materia so as to effectuate the intention of the Supreme Court in promulgating the Rules of Civil Procedure. She contends that Rule 109, T.R.C.P., which provides the requirements for service of citation where the residence of a party defendant is unknown or where after due diligence the whereabouts of the defendant cannot be located, was mandatory and that the trial court erred in ordering substitute service on a resident of Texas whose residence was unknown in non-compliance with said Rule 109.

Rule 106, T.R.C.P., which sets out the requirements for service of citation, reads: "Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto. Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit."

Rule 106 was amended on December 31, 1947, by adding: "Where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service by leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or by delivering same to any one over sixteen years of age at the party's usual place of abode, or in any other manner which will be reasonably effective to give the defendant notice of the suit."

Rule 21a, which became effective on the same date, reads: "Every notice required by these rules, other than the citation to be served upon the filing of a cause of action, and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served, as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, or it may be given in such other manner as the court in its discretion may direct. It may be served by a party to the suit or his attorney of record, or by the proper sheriff, or constable, or by any other person competent to testify. A written statement by an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. If the time of service is not elsewhere prescribed, the adverse party is entitled to three days' notice of a motion not relating to a pending suit. Notice of a motion in a suit pending is given by filing the motion and its entry in the motion docket. The provisions hereof relating to the method of service of notice are cumulative of all other methods of service prescribed by these rules."

Rule 109, T.R.C.P., sets out the requirements for service of citation where the residence of a party defendant is unknown or where after due diligence the whereabouts of the defendant cannot be located. It reads: "Where a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant (and to such party where the affidavit is made by his agent or attorney) or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to

ascertain the residence or whereabouts of the defendant or to obtain service of non-resident notice, as the case may be, before granting any judgment on such. service. Provided, however, that where the affidavit shows that the defendant is not within the continental United. States, and is not in the Armed Forces of the United States, it shall not be necessary for the party to show that the residence or whereabouts of the defendant is unknown or that an attempt has been made to procure service of non-resident notice."

The record shows that Mr. Clason, on whom service was requested under appellee's application for substitute service, was an agent for appellee and that he still handled some business for her. Miss Lena Steponavic filed an affidavit in the trial court stating that she did not know the whereabouts of the defendant and that she had not heard from her for many weeks and had no way of notifying appellant that the citation had been left with her for delivery. Mrs. M. M. LaFluer was indentified as a tenant occupying property jointly owned by plaintiff and defendant, and Bernard A. Golding was shown to be an attorney who had represented appellant in a different law suit.

█ The object of a citation is to give the court proper jurisdiction and to notify the defendant or defendants that the suit is filed in order that such defendant or defendants may be heard in a court of competent jurisdiction. Wagner v. Urban, Tex. Civ.App., 170 S.W.2d 270; 33 Tex.Jur. 796; Harris v. Gregory, Tex.Civ.App., 23 S.W.2d 748.

█ As against a defendant who has not submitted himself to the jurisdiction of the court there must be a proper service had and a return by the officer showing an occount in writing of the manner in which he personally executed the return or process and that such was done in obedience to its direction. Civil Procedure Rule 107; 33 Tex.Jur. 876; City of Dallas v. Crawford, Tex.Civ.App., 222 S.W. 305.

The record does not disclose that any of the citations or copies of appellee's petition were delivered to appellant or that she had notice that appellee had filed this suit against her.

In the case of Sindorf v. Cen-Tex Supply Co., Tex.Civ.App., 172 S.W.2d 775, 776, the facts are almost identical with those in the instant case in that it was an appeal by writ of error for revision and correction of a default judgment. The citation directed to defendant, Kenneth Slack, was served by the sheriff delivering a true copy of the citation and an accompanying copy of plaintiff's petition to T. F. Slack, his attorney. The court held that the service was insufficient under Rule 106, Texas Rules of Civil Procedure. The court in its opinion said "The law is well settled that on appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed for fundamental error unless the record contains a citation showing due service thereof, even though the judgment contains a recital that defendant was duly served with citation."

Under points Nos. 2 to 6, inclusive, appellant contends that the trial court erred in not construing Rule 106, T.R.C.P., in harmony with Rule 21a in pari materia so as to effectuate the intention of the Supreme Court in promulgating such rules, and that service of citation in this action was made in a manner expressly prohibited by Rule 21a. She contends further that since Rule 109 is mandatory, the court erred in ordering substitute service on a resident of Texas whose address is unknown, in non-compliance with said Rule 109.

It is undisputed that on the same date that said Rule 106 was amended, Rule 21a became effective.

It will be noted that Rule 21a expressly provides that "every notice required by these rules, *other than the citation to be served upon the filing of a cause of action,* * * * may be served by delivering a copy of the notice" etc. (Emphasis ours.)

█ Said Rule 21a provides for a different method of serving citation from that provided for in Rule 106; however, the courts of this state have uniformly held that where two statutes have been passed at the same session of the legislature and there is an apparent difference in their construction, they will be read together as though

they were embraced in one act and were supplementary to each other. Garrett v. Mercantile National Bank at Dallas, 140 Tex. 394, 168 S.W.2d 636.

It follows, we think, that, under above authorities, Rule 106 must be construed in harmony with the provisions of Rule 21a, which holds that citation upon the filing of a cause of action, except as otherwise provided for, may be served by delivering a copy of the notice to the party to be served.

Appellant's contention that Rule 109 is mandatory and that the trial court erred in ordering substituted service on a resident of Texas whose address is unknown must, we think, be sustained.

In Gilbert v. Lobley, Tex.Civ.App., 214 S.W.2d 646, it is held that there are definite provisions of law by which certain defendants may be cited by publication and that the difficulty of procuring service of citation never relieves a litigant from the necessity of citing his adversary when citing is required.

In the case of McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, the Supreme Court of the United States in upholding the Supreme Court of this state, 107 Tex. 139, 175 S.W. 676, in its holding that the statute providing for service by publication upon a citizen absent from the state was valid, held, in effect, that until notice is given to a defendant of a proceeding against him and he is given an opportunity to be heard, the court has no jurisdiction to proceed to judgment against him even though the court has jurisdiction of the subject matter.

It is further held that statutory provisions for service are mandatory and must be strictly complied with to support a default judgment. Tyner v. Glass, Tex.Civ.App., 27 S.W.2d 916; Martinez v. Watson, Tex.Civ.App., 21 S.W.2d 54.

In the instant case appellee alleged that the residence of appellant was unknown and that, after due diligence, she had been unable to locate her whereabouts. These allegations place the case within the purview of Rule 109 providing for service of citation by publication. The record shows that the provisions of the rule have not been complied with.

The Court of Appeals of Missouri held in the case of State ex rel. Weber v. McLaughlin, Judge, 157 S.W.2d 800, that the statutes providing in substance that notice of a proceeding shall be in writing and that it may be served by any person who would be a competent witness do not apply to the notice or initial process to be given or served on a party to an original or independent proceeding, which notice or initial process brings party into court for the first time and first subjects the person to the jurisdiction of the court for the prosecution of the proceeding.

The mandatory provisions of the rules providing for service of citations on defendants have not been complied with in the instant case and the method used in the trial court is, we think, violative of the elements of due process of law. The essential elements of due process of law are notice and an opportunity to be heard and defend. Ex parte Renfro, 115 Tex. 82, 273 S.W. 813, 40 A.L.R. 900. Judgment without such citation and opportunity lacks all the attributes of a judicial determination. Dillon v. Whitley, Tex.Civ.App., 210 S.W. 329; Buck v. Bell, 143 Va. 310, 130 S.E. 516, 51 A.L.R. 855.

It follows, we think, that the service on appellant in the trial court was insufficient and that the judgment must be reversed and the cause remanded to the trial court. We have carefully considered all other points of appeal presented by appellant in its brief and find therein no reversible error.