### RAILROAD COMMISSION OF TEXAS v. LINZIE REFINING CO.
### No. 8297.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1935.

Wm. McCraw, Atty. Gen., and T. F. Morrow, Archie Gray, L. H. Engleking, Harry S. Pollard, and W. J. Holt, Asst. Attys. Gen., for appellant.

W. B. Harrell, of Dallas, Bailey Shepperd, of Longview, and Felts & Wheeler, of Austin, for appellee.

BLAIR, Justice.

This is an appeal from an order granting after notice and hearing a temporary injunction, restraining the Railroad Commission and its members from interfering with appellee's moving and transporting certain described refined products of crude oil. The suit grew out of the effort of the Commission to enforce its order, dated December 5, 1934, and effective December 10, 1934, which provided, among other things, that any refinery owning or possessing such products on the effective date of the order, who desired to transport same, must file with certain designated agents of the Commission an inventory and application for a tender to transport, under oath, and containing certain specified information as to such tendered products. This case is companion to and controlled by the holdings of this court in the case of Railroad Commission v. Tyler Texas Refining Company, 80 S.W.(2d) 500, this day decided by this court; and the cases of Railroad Commission v. Burnham, 80 S.W. (2d) 496, and Railroad Commission v. Archer, 80 S.W.(2d) 506, this day decided by this court, are also applicable in part.

Suffice it to say that appellee alleged that it was engaged in refining crude oil and by-products of crude oil, and with regard to the products here involved appellee alleged: "That it is the owner of and now possesses approximately 200,000 barrels of fuel oil, a by-product of crude petroleum oil, which said fuel oil is now stored in an earthen pit at said Linzie Refining Company at Gladewater, Texas, in Gregg County; that it owns and possesses approximately 10,000 barrels of gasoline, a by-product of crude petroleum oil, which said gasoline is now in steel storage in plaintiff Refining Company's plant in

said town of Gladewater and County of Gregg; that it also now owns and possesses approximately 4,000 barrels of distillate, 4,000 barrels of gas oil, and 3,000 barrels of kerosene, all of which are likewise by-products of crude petroleum oil, and all of which by-products are now held by plaintiff and located at plaintiff Refining Company's plant in the town of Gladewater, Gregg County, Texas; that said by-products of crude petroleum oil were refined by plaintiff Refining Company from crude tops, the same being likewise a by-product of crude petroleum oil, and from allowable oil owned by plaintiff, and that all of said refined products hereinabove enumerated, to-wit, fuel, oil, gasoline, distillate, gas oil and kerosene, were owned and possessed by plaintiff prior to December 10, 1934."

Appellee further alleged that the Commission and its agents were attempting to enforce the aforementioned order against the products in suit; that the order is retrospective and retroactive and unconstitutional as affecting acts and transactions occurring before said order was promulgated; and that if it is valid it imposed the impossible, in so far as it purported to require appellee to show in the inventory and application for tender the source of the crude oil from which the products were refined. The trial court apparently sustained these contentions in granting the temporary injunction. Such holdings were erroneous.

As pointed out in the aforementioned cases decided this day, the order is not retrospective. As affects this case, the order operates upon products in being or in storage on the effective date of the order. It was promulgated in aid of and under authority of the proration statutes (title 102 [Vernon's Ann. Civ. St. art. 6004 et seq.]) and of House Bill 99, effective March 9, 1934 (Vernon's Ann. Civ. St. art. 6049c, § 5), and was reasonably related to the enforcement of such statutes and the rules and regulations of the Commission promulgated pursuant thereto, under which statutes and rules a refinery of crude oil was required to have a lawful tender for all crude oil refined; and such refinery was also required to keep an accurate record of all refined products of such crude oil, showing the source of the crude oil from which the products were refined and the disposition made of them.

Appellee alleged that the products in suit were refined by it partly from crude tops and partly from crude oil, and its superintendent testified that about 15 per cent. of the products were refined from crude tops and the balance from crude oil. Appellee made no attempt to segregate the products from crude tops, which it claimed to have purchased in the open market from the products it refined from crude oil. As to the crude oil, it was required to have a tender and to keep accurate records of the products, showing the source of the crude oil from which they were refined and the disposition made of them.

Appellee filed no inventory or application for tender and made no effort whatever to comply with the order. Nor did the evidence offered show that the Commission would have refused its inventory or tender to transport, if it had filed an inventory or had applied for a tender. In substance appellee's evidence merely showed that it was told the Commission would not grant a permit or tender to transport products unless the source of the crude oil from which such products were refined was shown in the inventory and application for tender. Nor did appellee file or offer to file such inventory and application for tender in this his equitable proceeding to move and transport the products in question. The trial court erred in granting the temporary injunction under such circumstances. See Burnham and Archer Cases, supra.

It follows from our above conclusion that the temporary injunction granted by the trial court will be dissolved; and that the temporary injunction heretofore granted by this court will likewise be dissolved; and the cause will be reversed and remanded.

Injunctions dissolved; cause reversed and remanded.