## RAILROAD COMMISSION OF TEXAS et al.
## v. BRADSHAW.

### No. 8299.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1935.

Wm. McCraw, Atty. Gen., and T. F. Morrow, Archie D. Gray, and W. J. Holt, Asst. Attys. Gen., for appellants.

Upchurch & Hooper and Willis E. Gresham, all of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order of the district court of Travis county granting appellee a temporary injunction, restraining appellants from interfering with appellee in the sale, use, transportation, and further refining of 26,000 barrels of topped or reduced crude oil in storage in the tanks of the American Petroleum Company, at Houston, Tex. Appellee alleged that he resided at Dallas, Tex., and was doing business under the name of National Naptha & Solvents Company; that he had purchased from various refineries and had in storage in Houston, Tex., prior to December 10, 1934, the products in question; that pursuant to the order of the Railroad Commission promulgated December 5, 1934, effective December 10, 1934, he had filed with the Commission the inventory therein required and had made application for a tender permit to move same as in said order provided and on the form prescribed; that the Commission had arbitrarily and unlawfully refused to grant him such permit without giving any valid reason therefor.

This case was heard on application for a temporary injunction along with several other similar cases and the injunction granted as prayed for on January 19, 1935. Only one witness, L. J. Walsh, testified for the plaintiff, appellee here. He testified that he was "associated" with the National Naptha & Solvents Company, but not as to who composed that company, nor whether Bradshaw owned it. It appears that the witness, or some one whom he represented (it is not clear which), desired to purchase said products if they could be moved. As to the filing with the Railroad Commission of the inventory required by said order of December 5, 1934, the witness testified that same was filed by the American Petroleum Company, testifying in one instance that "we instructed the American Petroleum Company to file it"; and again, "I directed my agents to do it—the American Petroleum Company. I had it filed myself." No copy of the inventory was offered in evidence, nor did the witness testify that he had ever seen the inventory or knew its contents. From the above testimony, it is not clear who did claim to own said products. The suit was by Bradshaw, but ownership in him was not shown. Nor does the mere testimony of Walsh, that the American Petroleum Company filed the inventory constitute any evidence as to what it contained or whether it complied with the provisions of section IV of the Commission's order of December 5th, which are set out and fully discussed in the cases of R. R. Commission v. Burnham (Tex. Civ. App.) 80 S.W.(2d) 496, and R. R. Commission v. Tyler Texas Oil & Refining Company (Tex. Civ. App.) 80 S.W. (2d) 500, this day decided, and referred to without further discussion here. American Petroleum Company did not own said products, but merely held same in storage for their owners, whoever they were. It might be inferred from Walsh's testimony that he owned said products, though Bradshaw was alleged to be the owner.

Witness also testified that no application for a permit to move said products had ever been made to the tender board of the Commission as prescribed by, and giving the information required in section I of said order of December 5, 1934, also set out and discussed in the above cited cases; that he had not been refused a permit by the Commission to move said products; and that he did not

know whether the Commission would grant him a permit or not should he apply for it.

From the foregoing, and under our conclusions announced in the Burnham and Tyler Texas Oil & Refining Company Cases, we think it is clear that appellee wholly failed to show himself entitled to the injunctive relief sought, and that the trial court abused its discretion in granting the injunction appealed from.

The temporary injunction granted by the trial court, and that heretofore granted by this court, are both dissolved; and the cause is reversed and remanded.

Injunctions dissolved; cause reversed and remanded.