## RAILROAD COMMISSION OF TEXAS et al. v. PHŒNIX REFINING CO.

### No. 8309.

Court of Civil Appeals of Texas. Austin.
Feb. 23, 1935.

Wm. McCraw, Atty. Gen., and W. J. Holt and Archie D. Gray, Asst. Attys. Gen., for appellants.

Upchurch & Hooper and Willis E. Gresham, all of Austin, for appellee.

BAUGH, Justice.

This is a companion case to six others involving the order of the Railroad Commission of December 5, 1934, decided by this court on February 16, 1935. Railroad Commission of Texas v. Burnham, 80 S.W.(2d) 496; Railroad Commission of Texas v. Tyler Texas Oil & Refining Co., 80 S.W.(2d) 500; Railroad Commission of Texas v. Linzie Refining Co., 80 S.W.(2d) 504; Railroad Commission of Texas v. Archer, 80 S.W.(2d) 506; Railroad Commission of Texas v. Bradshaw, 80 S.W. (2d) 508; Railroad Commission of Texas v. Primrose Petroleum Co., 80 S.W.(2d) 509. Appeal is from a temporary injunction granted by the trial court restraining the Commission and others from interfering with the use, sale, transportation, or further refining by appellee of the following described products: 71,898 barrels of topped crude or crude tops belonging to appellee and in storage at Houston, Tex.; 88,821 gallons of gasoline, 36,466 gallons of kerosene, 25,057 gallons of light fuel, 62,400 gallons of heavy fuel, and 44,152 gallons of top crude tank bottoms, in storage in appellee's tanks at Dallas, Tex.; and 95,000 barrels of top crude oil or crude tops, in storage in designated tanks in Rusk county, Tex.

The record discloses that these products were owned by appellee on and before December 10, 1934, the effective date of said order. While copies of the inventories required by section IV of the Railroad Commission's order of December 5, 1934, do not appear in the record, appellee's verified petition stating that same were seasonably filed was in evidence, and appellee's agent who testified stated that such inventories had been duly filed. The applications for tender permits required by section I of said order were filed on the SW—4 form therein prescribed, and showed the inventory numbers given by the Commission when such inventories were filed with it. No question appears to be raised but that the required inventories were duly filed by appellee; and we take it that the applications to move such products, which the Commission refused, were refused on the ground that appellee failed to show that such products were processed from legal crude petroleum. The validity, application, and construction of said order with regard to products on hand on and before December 10, 1934, were fully discussed in Railroad Commission v. Burnham, 80 S.W.(2d) 496, and Railroad Commission v. Tyler Texas Oil & Ref. Co., 80 S.W.(2d) 500, decided by this court on February 16, 1935, to which we refer without further discussion here.

■ The products located at Houston were shown to have been purchased by appellee in the East Texas oil field and shipped from there to storage at Houston, and from there destined to delivery to a purchaser in Paris, France. The products in Rusk county were purchased by appellee in the East Texas oil field and were consigned to itself at Houston, Tex. While appellee operated several refineries in Texas, it did not operate any in the East Texas oil field, and it appears clear that these products originating in the East Texas field were not processed by appellee as an original or initial refiner, but had already been processed there before same were acquired by appellee. That being true, when appellee had complied with the provisions of the order of December 5, 1934, and had filed with the Commission proper inventories and applications for tender on form SW—4, giving the information therein required, and showing that it had said products on hand on and prior to December 10, 1934, it was entitled to permits authorizing said products to be moved as requested.

As to the products located at Dallas, Tex., in the tanks of appellee, at which place appellee operated a refinery, it was not shown whether appellee had purchased said products from other refiners, or whether same were derived from crude oil refined by it in its own refinery there. If refined by it as the initial processor from crude oil in its own refinery, under House Bill 99 (Vernon's Ann. Civ. St. art. 6049c, § 5), and the conclusions announced in the cases above cited and in Railroad Commission v. Archer, 80 S.W.(2d) 506, the appellee would be required to show that such products were derived from crude oil legally produced under the conservation laws and the rules of the Commission.

■ In the instant case, however, the record shows that, as to the products stored at Dal-

las, the Commission had, on December 11, 1934, upon application of appellee duly made, granted to it a tender permit to move such products; and had thereafter on December 18, 1934, sought to cancel or revoke said permit. Many of the products covered by said tender had, prior to December 18th, already been moved, and those here involved are those remaining there on the latter date when cancellation of said permit was undertaken by the Railroad Commission.

We find nothing in the Commission's order of December 5, 1934, authorizing the cancellation of a permit granted thereunder. And if such power rested with the Commission either under orders already issued, or under the conservation laws, such cancellation would not be authorized without notice to appellee and an opportunity to be heard after notice given. No such proceeding was had with respect to these products located at Dallas, and under the showing made we are of the opinion that appellee was entitled to move them also.

█ Under the record showing our holding requires an affirmance of the trial court's order. Since, however, the appeal is from a temporary injunction pending plenary trial upon the merits, and the effect of the tem-porary injunction is not to preserve the status quo [Alpha Petroleum Co. v. Railroad Commission (Tex. Civ. App.) 59 S.W.(2d) 374 (error dismissed), Com. v. Real, 80 S.W.(2d) 494], but if prolonged to destroy the entire subject-matter of the suit, and since that subject-matter is the enforcement of the conservation laws of the state, we feel it our duty as an inferior tribunal to suspend the effect of our judgment until the Commission has had a reasonable opportunity to invoke the jurisdiction of the Supreme Court.

It is, therefore, our order:

The trial court's temporary injunctive order is affirmed, the temporary injunction heretofore granted by this court is extended, and the effect of this court's judgment of affirmance herein is suspended, pending action thereon by the Supreme Court; provided, however, that this suspension order and the temporary injunction granted by this court shall cease to be effective at 5 o'clock p. m., Thursday, February 28, 1935, if at that time appellants have not filed an application for writ of error to the Supreme Court.

Trial court's temporary injunction affirmed; temporary injunction of this court extended; and effect of judgment of affirmance suspended.