### STATE v. JACKSON et al.

### No. 8599.

Court of Civil Appeals of Texas. Austin.

Jan. 13, 1937.

Wm. McCraw, Atty. Gen., and W. J. Holt, C. M. Kennedy, Earl Street, Joe Sharp, and Wm. C. Davis, Asst. Attys. Gen., for plaintiff in error.

## PER CURIAM.

Appeal by writ of error from an order confirming a receiver's sale of certain petroleum oil. The motion to dismiss is predicated upon verified allegations showing that the oil has already been sold, delivered to the purchaser, and passed into commerce and beyond the jurisdiction of the court, and the proceeds deposited in the registry of the court. The State's answer to the motion does not traverse any fact allegation of the motion, but urges two grounds why the motion should be denied: (1) That the proponent of the motion (Wylie) is not a party to this appeal, and "consequently is in no position to raise such question"; and (2) that in the appeal of Wylie and the State in cause No. 8480, in this court, "all of the parties are seeking to have their claims established to the proceeds" of the oil involved in the instant appeal.

The controlling record facts are: The receiver's application for sale was filed June 17, 1936. On the same day the State filed an answer thereto resisting the sale on the ground that the oil had been handled and transported in violation of the conservation laws and commission rules promulgated thereunder; and therefore the oil was "illegal and should not be moved into commerce." The court granted the receiver's application and ordered the oil sold June 17, 1936, the order reciting that the State excepted thereto and gave notice of appeal to this court. Nothing further was done under this appeal. The receiver sold the oil, and the court approved the sale on June 29, 1936. October 29, 1936, the State sued out the instant writ of error.

It is immaterial whether Wylie is a party to this appeal. Whenever it appears that the questions in a cause have become moot, it is the duty of the court to dismiss the appeal. This the court may do upon its own motion as well as upon that of a party litigant.

The facts alleged in the verified motion not being controverted, they are taken as true. See 3 Tex.Jur. pp. 69–71, § 25; also 3 Tex.Jur. pp. 81–83, § 34.

It is manifest that the subject-matter of the instant appeal has ceased to exist, and therefore the questions raised thereby have become moot. No order of this court could be made which would grant any effective relief regarding the order appealed from. The oil has already passed into commerce and beyond the jurisdiction of the court; and to set aside the order of confirmation would be ineffectual to bring back the oil into the hands of the receiver. The only issue remaining is the ownership of the proceeds of the sale now in the registry of the trial court. That issue is now being litigated in cause No. 8480, in which the State is a party. If, as contended by the State, the oil was illegal and subject to confiscation, the rights of the State therein can be asserted in the proceeds.

The motion is granted and the appeal by writ of error is dismissed; without prejudice, however, to any right the State may have in the proceeds of the sale of the oil.

Motion granted; appeal dismissed.