**WYLIE v. STATE et al.**

**JACKSON et al. v. SAME.**

No. 8480;   Motions Nos. 8599, 8641, 8704.

Court of Civil Appeals of Texas.   Austin.
Feb. 10, 1937.

On Rehearing March 24 and June 23, 1937.

Rehearings Denied April 21, 28, May 26, and July 28, 1937.

Hill & Bath, of Henderson, for appellant A. C. Wylie.

Wm. McCraw, Atty. Gen., and W. J. Holt, C. M. Kennedy, Earl Street, Joe Sharp, and Wm. C. Davis, Asst. Attys. Gen., for the State.

BAUGH, Justice.

Suit was originally filed by the state against V. E. Jackson and others for penalties for alleged violations, by the several defendants, of the conservation laws of Texas (Vernon's Ann.Civ.St. art. 6004 et seq.) and of the rules of the Railroad Commission in numerous respects; for injunction, and for appointment of receivers for numerous properties in Upshur county, Tex., including refineries, pipe lines, oil wells, storage pits and tanks, and quantities of oil located therein. On October 25, 1935, the trial court entered its order appointing two receivers, ordered the defendants to turn over ·to them numerous designated properties therein specified, and appointed an attorney to represent the receivers. Thereafter on November 20, 1935, the attorney so appointed by the court filed an unverified motion in said cause to require the defendants to turn over to the receivers, in addition to the properties described in the original order of the court, and among others not in issue here, approximately 60,000 barrels of fuel oil, more or less, located in a described earthen pit, known as the Farris pit, in Upshur county. This oil was designated in said motion as that described "in cause No. 947–C styled' 'A. C. Wylie v. East Texas Oil & Refining Company,' in the Special District Court of Gregg County, Texas."

On December 4, 1935, under leave granted by the court, A. C. Wylie intervened in said suit, setting up title in him to 101,680 barrels of oil alleged to be located in the Farris pit, which plea was amended by

petition filed December 9, 1935, on which the matters here in controversy were tried, wherein he asked the court to dissolve the receivership as to the oil in the Farris pit on the following grounds:

a. That the motion of the receivers on which the court placed said Farris pit oil in the receivership was insufficient to sustain the court's order in so doing,

b. That said motion was granted ex parte without notice or hearing upon an unverified application therefor.

c. That intervener was owner of the oil in said pit and was not a party to the original suit in which the receivers were appointed.

d. That the original order appointing the receivers did not authorize them to seek or acquire possession of this pit of oil.

Intervener also pleaded his title to the oil and the method and manner of its acquisition, the judgment of the district court of Gregg county decreeing title and possession of said oil to him, that same was a final judgment, and prayed that as to this pit of oil the receivership be discharged.

On December 18, 1935, there was filed what purports to be an answer of the receivers to Wylie's motion. This purported answer is not signed by any one, but no question is raised as to this and the hearing appears to have proceeded on the issues made by it. In addition to general demurrer and general denial to Wylie's motion to vacate the receivership as to this particular property, the receivers alleged that the defendants in the state's suit had an undisclosed partnership with one R. B. Farris in said earthen pit; that Farris leased this pit to the East Texas Refining Company; and that the latter named company had on October 28, 1935, conveyed the oil therein to the defendants named in the state's suit. Neither Farris nor the East Texas Refining Company was party to the state's suit.

Hearing was had on Wylie's motion on December 18, 1935, and on December 20, 1935, the trial court entered its order, finding that the oil in the Farris pit was legally in the possession of the receivers, awarded title and possession of the oil in question to the receivers as against Wylie, and denied his motion to vacate the receivership as to the Farris pit of oil. From this order Wylie has appealed.

The receivers have filed no brief. The state has filed a copy of the brief filed by it in cause No. 8599, State v. Jackson (Tex. Civ.App.) 101 S.W.(2d) 346, which was an appeal by writ of error from the order of the district court entered in the main suit in June, 1936, directing the receivers to sell the oil in the Farris pit. After the appeal in cause No. 8599 was perfected, however, it was made to appear that said oil had already been sold and the proceeds paid into the registry of the district court. That appeal was on January 13, 1937, dismissed by us because the subject-matter thereof had become moot. The brief of the state in that case consequently has little application to the issues presented by this appeal.

■ Manifestly the judgment of the trial court cannot be sustained. The unverified motion of the receivers after they had qualified as such to bring into their possession property for which the state did not sue, and which was not included in the properties sought to be impounded by the State in its original penalty suit, shows upon its face that this very oil was in litigation in the district court of Gregg county between A. C. Wylie and the East Texas Oil & Refining Company, neither one of whom was a party to the original suit of the state. Not only so, but the judgment in the Gregg county case was in said motion specifically referred to for a description of the oil in question. The terms of that judgment were not pleaded by the receivers; but said judgment was pleaded and introduced in evidence by Wylie upon his intervention hearing. No attack was or has been made upon that judgment. It was rendered on October 2, 1935, awarding title and possession of 101,680 barrels of oil in the Farris pit to Wylie as against the defendants named in that suit. In addition to said judgment of the district court of Gregg county, Wylie offered testimony to show that he had captured waste and abandoned oil on nearby lands which he had caused to be stored in this pit. The defendants in the suit of the State filed no pleadings as against Wylie's claim herein, and made no claim to any part of said oil. Nor do we find any competent testimony offered by the receivers that said defendants owned any title whatever in said oil.

The result of this proceeding was, therefore, that under order of the dis-

trict court in a summary proceeding the receivers took from the possession of a third person, not a party to the state's suit, the property in possession of such third person under judgment of another district court; and that, too, without any showing upon the trial of intervener's claim to it, that either the original defendants in the suit of the state, or the receivers appointed in that suit, had any right or title to it whatever.

The general rule is well settled that a receiver cannot through a summary proceeding take into custody property found in the possession of strangers to the record claiming same adversely. If the property belonged in the receivership in such case, the receivers should have brought a separate suit against such claimant; or the state should have had Wylie made a party to the original proceeding and had the receivership extended to him. Ex parte Renfro 115 Tex. 82, 87, 273 S.W. 813, 40 A.L.R. 900; Nelson v. Thompson (Tex.Civ.App.) 64 S.W.(2d) 373, 375; 36 Tex.Jur. p. 185, § 89. Neither method was resorted to in the instant case.

The receivers' motion alleged that there was approximately 60,000 barrels of oil in said Farris pit, and appellant's plea of intervention alleged there were 101,680 barrels located in same. Though the state filed no further pleading in the matter of Wylie's intervention, the Attorney General contested his claim on said hearing on the ground that said oil was contraband and was placed in said pit in violation of law and the rules of the Railroad Commission. Since this appeal was perfected, the oil involved has been sold by the receivers. Appellant filed in this court a motion to have the proceeds therefrom paid into the registry of the district court. This motion was granted and the trial court was instructed to hear evidence and ascertain the quantity of oil in said pit at the time same was ordered sold. A hearing was had by the trial court on that question on December 18 and 19, 1936, and a transcript of the evidence then taken has been returned to this court. No finding, however, was made as to the quantity of such oil in said pit at the time; and we are unable to determine from that record the correct quantity of oil in the pit at that time. Under these circumstances, we are not in position to render a proper judgment here; but think the case should be reversed and

remanded to the trial court for further hearing in that regard, without prejudice to the rights of the state to assert its contention by proper pleading and proof that all or any part of the oil in question was illegal oil.

Reversed and remanded.

### On Appellant A. C. Wylie's Motion for Rehearing.

Since our original opinion was rendered herein, and in connection with motions for rehearing, there has been filed in this court further supplemental transcripts of the proceedings had in the trial court on December 18 and 19, 1936, on the matters heretofore certified to it. These additional records show that the trial court found that there were in said Farris pit on the date of the order of sale of said oil, a total of 109,737 barrels, and that the balance of the purchase price at 58½ cents per barrel had been deposited in the registry of the court. The testimony also indicated that the quantity of oil in said pit from the time Wylie was given judgment in the district court of Gregg county, on October 2, 1935, up to the time the oil was sold in June, 1936, had been substantially the same. While the state earnestly insists that, according to the testimony of the engineers of the Railroad Commission whose estimates were based upon measurements of the pit, there was never more than 89,000 barrels of oil in the pit, the actual quantity gauged when all the oil was removed from the pit, and for which the purchaser paid, was 109,737 barrels. Consequently under the testimony the trial court's finding - that such was the quantity of oil in the pit finds support in the evidence.

But Wylie claimed title to only 101,680 barrels, and that was the quantity for which he was awarded judgment by the district court of Gregg county. He is therefore limited in his complaint that the receivership was improperly extended of said pit of oil to the quantity claimed to be owned by him. The oil having been removed from the pit, sold, and the proceeds impounded, the actual control by the receivers of the pit itself, so far as this controversy is concerned, becomes immaterial.

Having shown that the receivership was improperly extended over property to which Wylie had title, which property had been sold, we conclude that as to $59,-

482.80, being the proceeds from the sale at 58½ cents per barrel of said 101,680 barrels of oil, the receivership should be discharged, and said funds paid over to A. C. Wylie. The trial court's judgment will therefore be reversed and judgment here rendered accordingly. However, as to the proceeds remaining from the sale of 109,737 barrels of said oil, after deducting that to which Wylie showed himself entitled, the receivership is undisturbed and the trial court's judgment as to such excess is affirmed.

Granted in part and in part overruled.

### On Motion of the State of Texas for Rehearing.

On motion for rehearing, predicated upon our holding in granting Wylie's motion for rehearing herein on March 24, 1937, the state urgently insists that the trial court's judgment should be reversed and remanded, instead of rendered in favor of Wylie, for the reason that the issue of whether the oil in question was illegal, as contended by the state, has never been properly adjudicated. The state was not a party to the suit in the district court of Gregg county and that issue was not, of course, litigated in that suit. Numerous motions have been filed in connection with this appeal, in response to one of which this court on December 2, 1936, entered its order directing the trial court, among other things, to conduct a hearing to ascertain the amount of oil in the Farris pit; ordering certain funds derived from the sale of said oil to be paid into the registry of the court; and in said order, which was approved by counsel for all parties concerned, it was expressly provided: "It is the further order of this court that this order shall in no wise affect or be decisive of any of the issues of fact or law not yet judicially determined, and that said payment and issues determined or to be determined by the trial court shall in no wise prejudice the rights of any party to litigate to a final judicial determination any facts now in issue involving said funds or issues raised between parties to this cause, or that may arise in the future involving said funds or issues raised between parties to this cause."

At that time and consistently on this appeal, the state has contended and still contends that the oil in said Farris pit was illegal oil; and that, it having been sold, the proceeds therefrom should be confiscated. In our dismissal of the application of the state for writ of error from the order of the trial court directing the receivers to sell said oil, we ordered such dismissal without prejudice to the right of the state to have the issue of the legality, vel non, of said oil determined. Under all the circumstances we have therefore concluded, upon further consideration, that judgment should not be rendered in favor of Wylie, but that the receivership should be discharged as to the 101,680 barrels of oil described, and the cause reversed and remanded as ordered in our original opinion.

Granted in part and in part overruled.

### On Appellant A. C. Wylie's Motion for Rehearing.

On April 21, 1937, we granted the state's motion for rehearing, and reversed and remanded this cause to the trial court as in our original opinion. After further consideration, upon further motion of Wylie, and a re-examination of the record on this appeal, we have concluded that we were in error in so doing, and that our opinion and order of March 24, 1937, reversing the trial court's judgment herein appealed from, discharging the receivership as to the oil involved, and directing the proceeds from its sale to be paid over to Wylie, was correct and should stand as the order of this court.

In addition to the original, three supplemental transcripts have been filed on this appeal, one of which was filed after our original opinion was written. A further transcript was tendered, but permission to file same was refused. Thirteen motions asking for various orders have been filed, in addition to several conferences of various counsel with the court had prior to our disposition of the appeal on its merits. As a result no little confusion has occurred in the consideration of this appeal.

As stated in our original opinion, the main suit, to which the order appealed from herein is but ancillary, was by the state against the several named defendants for penalties. Wylie, so far as the record presented shows, has never been made a party defendant to that suit. The property here involved was summarily taken possession of by the receivers upon an unverified motion of such receivers, in which neither the state nor the Attorney General joined. No privity whatever be-

tween Wylie and the defendants to the main suit has been pleaded. Wylie intervened solely for the purpose of having the receivership vacated as to his property. The only ground asserted, in the unsigned answer of the receivers to Wylie's motion, that such oil should be included in the receivership of the properties of the original defendants to the state's suit, was that the oil contained in said Farris pit had been conveyed on October 28, 1935, by the East Texas Refining Company, to the defendants named in the original suit. On the hearing on Wylie's motion, the receivers wholly failed to make such proof. The East Texas Refining Company was not a party to the state's suit, nor to this proceeding, and no privity between it and the defendants to the main suit was shown.

▮▮▮ We find no pleadings either by the state or by the receivers in the record pertinent to this appeal wherein it is alleged that the oil in the Farris pit was illegal oil, or seeking to have it so adjudged, or to be declared a nuisance, or to fix any lien in favor of the State thereon, or seeking to have same confiscated in accordance with the provisions of the conservation laws. The inference might be drawn from the record of the hearing of December 18 and 19, 1936, that the state was insisting that said oil was illegal; but the purpose of that hearing, as directed by this court, was to determine the quantity of oil in said pit, the state's contention being that there was much less oil in said pit, when the court ordered its sale in June, 1936, than the 101,680 barrels claimed by Wylie. Consequently, we find no pleadings by the state under which it could predicate, in this appeal, any claim against Wylie that said oil was illegal. That being true, and the oil having been sold and the proceeds deposited in the registry of the trial court, Wylie, upon vacation of the receivership as to same, was clearly entitled to have the possession of such funds, the property having been sold, restored to him. See Hayes v. Gardner (Tex.Civ.App.) 40 S.W.(2d) 917; 36 Tex.Jur. § 60, p. 133.

▮▮▮ We are not to be understood as passing upon the legality, vel non, of the oil in said Farris pit before it was sold. The statutes provide ample remedies the state may pursue against Wylie, if he has been guilty of any violation of the conservation laws. But no privity being shown between him and the defendants in the original suit filed by the state, Wylie is entitled to have that question determined in a proper suit in a court of competent jurisdiction filed by the state for that purpose. Even if the pleadings of the state, as shown in the record before us, had been sufficient to allege a violation by Wylie of the conservation laws —and they clearly are not—manifestly there would have been a misjoinder of parties as to Wylie. While the appellate courts have authority to reverse and remand, in the interest of justice, a cause so that the losing party may have opportunity to amend his pleadings in the court below, this rule does not authorize a remand so that the losing party may plead a new cause of action not theretofore alleged. And our conclusion is that not having charged Wylie with violation of the conservation laws in connection with the oil in the Farris pit, but the receivers having taken possession of it solely on the theory that such oil was the property of others who had violated such laws, the state should not be permitted, after failing to show ownership thereof in other violators of such laws, thereafter, by amendment in such original suit (which has, according to a certified copy of a final judgment of the trial court filed herein already been disposed of), to compel Wylie to now litigate in that suit what, as to him, is an entirely separate cause of action from that originally brought. But it is expressly provided that our order of March 24, 1937, directing that proceeds to the extent of $59,482.80 be paid over to Wylie, is without prejudice to the rights of the state, if any it has, to proceed against Wylie, or such funds in his hands, by a proper suit in a court of competent jurisdiction for violation by him, if any, of the conservation laws of the state.

Appellant's motion is therefore to this extent granted; our order of April 21, 1937, is set aside, the opinion of that date is withdrawn, and the order of March 24, 1937, subject to the above-stated limitations, is reinstated.

Granted in part.