## WYLIE et al. v. STATE.

### No. 8719.

Court of Civil Appeals of Texas. Austin.

March 30, 1938.

Rehearing Denied April 27, 1938.

Hill & Bath, of Henderson, and Cary M. Abney, of Marshall, for appellants.

Wm. McCraw, Atty. Gen., and W. J. Holt and Wm. C. Davis, Asst. Attys. Gen., for the State.

McCLENDON, Chief Justice.

This suit involves the title as between Wylie and the State to the proceeds of oil sold by the receivers in cause No. 8480 of the same style, reported in Tex.Civ.App., 108 S.W.2d 291. We refer to that opinion and the opinion in State v. Jackson, Tex. Civ.App., 101 S.W.2d 346, also involving the proceeds of the oil sale. The instant appeal is from an interlocutory order temporarily enjoining the United States Fidelity & Guaranty Company, surety upon Wylie's supersedeas bond in cause No. 8480, from paying over to Wylie the proceeds of the sale of the oil, such proceeds having been delivered by the district clerk to said company in accordance with an agreement between it and Wylie, in consideration of its suretyship, that the money would be held by it pending final disposition of cause

No. 8480. The history of the controversy is set forth in the two above opinions, and it will not be necessary to again recite the details. The present suit was brought by the State against Wylie and the guaranty company to recover the proceeds of the sale, on the ground that the oil was illegal, in that it was produced in violation of the conservation laws of the State.

Both parties have filed able briefs upon the questions of law involved in the merits of the case.

Briefly, the contentions of Wylie are in substance two: (1) That whatever right the State may have had originally to confiscate the oil, such right did not pass to the proceeds, since this was a proceeding in rem under a statute limited to the oil itself or its derivatives; and these had passed beyond the jurisdiction of the court; and (2) that the order of sale in the trial court was res judicata of the State's right of confiscation, since the State contested the sale and its confirmation on the ground that the oil was illegal. See in this connection State v. Jackson, supra.

These questions were strenuously urged in the two above appeals; and this court declined to pass upon them. In each appeal it was expressly stated that the decision of this court was without prejudice to whatever rights the State might have to proceed in a separate suit in the proper forum to assert its claim to the proceeds of the oil.

 The circumstances under which the oil was seized by the receiver and sold present questions of law with respect to the rights of the State and Wylie to the proceeds of the oil (if it should be ultimately determined that the oil was illegal) of such gravity that we do not think it advisable or proper that they be determined in an ancillary proceeding. The purpose and effect of the order appealed from was merely to preserve the subject matter of the litigation pending final hearing upon the merits; and the issue in the appeal is confined to whether the trial court abused its discretion in passing the order. The merits of the controversy are not and cannot be authoritatively adjudicated in the ancillary proceeding. They are only material upon the issues involved in a review of the trial court's exercise of its discretionary powers. Under these circumstances, we do not feel that it would be proper or advisable to adjudicate these legal questions. See in this connection State v. Guardian Founda-

tion, Tex.Civ.App., 112 S.W.2d 806; Welsh v. Carter, Tex.Civ.App., 30 S.W.2d 354; 23 Tex.Jur., pp. 178 and 313.

 There is another and more impelling reason why a determination of these issues should not be made by this court at this time. This is a court of intermediate appellate jurisdiction and the final determination of the issues involved rests in the jurisdiction of the Supreme Court. An order of this court dissolving the temporary injunction would be effective instanter. Duncan v. Boyd, Tex.Civ.App., 288 S.W. 281, expressly approved by the Supreme Court in Alpha Petroleum Co. v. Terrell, 122 Tex. 257, at page 275, 59 S. W.2d 364, 372. It is manifest that such dissolution order would have the effect of totally destroying the subject matter of the litigation, as it would readily pass beyond the jurisdiction of the court, and would in effect be a final adjudication of the case, thus depriving the State of its right to have an adjudication by the Supreme Court. See Railroad Comm. v. Real, Tex.Civ.App., 80 S.W.2d 494.

It is manifest that the order appealed from was essential to preserve the subject matter of the litigation pending final adjudication; therefore the trial court did not abuse its discretion. The order appealed from is affirmed.

### On Appellants' Motion for Rehearing and to Certify.

 We do not deem it necessary to discuss in detail the very able argument presented in the motion. After giving it our careful consideration we are confirmed in the view that the trial judge did not abuse his discretion in granting the temporary injunction, which was essential to preserve the subject matter of the suit pending trial on the merits.

Appellants request that we apply to this case the procedure adopted in Railroad Commission v. Primrose Petroleum Co., Tex.Civ.App., 80 S.W.2d 509, and Railroad Comm. v. Phoenix Refining Co., Tex. Civ.App., 80 S.W.2d 510. Those were cases involving the right to transport large quantities of crude and processed petroleum held in storage in the East Texas oil field, tenders for which the commission had refused. The temporary injunctions were issued by the trial judge upon hearings in which the essential facts involving the merits were fully developed. In order to preserve the subject matter of the litiga-

tion this court issued temporary injunctions, staying the effect of the trial judge's orders, pending our decisions; and, upon affirming the trial judge's orders, the injunctions issued by this court were extended, so as to preserve the subject matter until the jurisdiction of the Supreme Court might be invoked. The situations presented in those cases are clearly distinguishable from that at bar.

Regarding certification: It has been the uniform policy of this court for many years not to certify except in following classes of cases: (1) Those in which otherwise the cases would become moot before a Supreme Court adjudication could be had, such as contested elections; (2) those involving questions of outstanding importance to the jurisprudence of the State and of first impression, and in which the jurisdiction of this court was final; and (3) some other classes of cases where the particular circumstances made certification advisable, such as the California Case, Douglas Oil Co. v. State, Tex.Civ.App., 70 S.W.2d 452, and Whiteside Case, Douglas Oil Co. v. State, Tex.Civ.App. 81 S.W.2d 1064. In all other cases we have considered it our duty not to certify. Where the Supreme Court has jurisdiction by writ of error the case may readily take that route, which has the advantage that the Supreme Court itself determines whether it will assume jurisdiction and hear the case. If the Supreme Court declines jurisdiction, the case is ended, and the additional expense, delay, and labor of that court incident to hearing, decision, and handing down a written opinion are obviated. If jurisdiction is assumed, the case is in substantially the same attitude as if certified. On the other hand, if the case is certified it is automatically placed upon the Supreme Court trial docket, and must take the usual course there, regardless of whether that court might have concluded on application for writ of error that the decision of this court was correct. We regard the stated policy essential to the proper functioning of the intermediate appellate court system in this State, especially in view of the enormous amount of labor now, and for many years past, required of the Supreme Court and the crowded condition of its docket. That this policy has the sanction of the Supreme Court would seem to be indicated by its recent rule requiring tentative opinions in all certified cases, except those of the first class enumerated above. We make this statement in order that the bar may be conversant with the policy of this court regarding certification.

The motion is overruled.

Overruled.