848

## McCUTCHIN et al. v. SUN OIL CO. et al.
### No. 8987.

Court of Civil Appeals of Texas. Austin.
April 10. 1940.

Rehearing Denied May 8, 1940.

Gerald C. Mann, Atty. Gen., and Edgar Cale, Asst. Atty. Gen., for appellant Railroad Commission.

Pace & Goens, of Tyler, and· Upchurch & Gresham, of Austin, for appellant Alex McCutchin.

T. L. Foster, of Dallas, and Powell, Rauhut & Gideon, of Austin, for appellee Sun Oil Co.

John E. Green, Jr., of Houston, and Stanley Hornsby, of Austin, for appellee Gulf Oil Corporation.

BAUGH, Justice.

We copy from appellants' brief the statement of the nature and result of this suit, and the only proposition presented on this appeal:

"This is a Rule 37 case. The appeal is from an order of the District Court of Travis County granting a temporary injunction in favor of the appellees herein and against Alex McCutchin, temporarily enjoining and restraining him, pending final trial, from producing oil ·or gas from the second well on his 2.35 acre tract in Rusk County, Texas, and enjoining and restraining the Railroad Commission and its members from granting Alex McCutchin permission· to produce oil and gas from said well and from placing said well on the allowable schedule.

"Appellants' First Proposition.

"The office of a temporary injunction is to preserve the status quo between the parties in a Rule 37 case. The status quo is the order of the Commission at the time of the filing of the suit. Alex McCutchin having received from the Railroad Commission an order granting him a permit to drill a second well, which order was prima facie valid, the trial court was without authority in law to destroy the status quo between the parties by granting a temporary injunction restraining McCutchin from producing oil from his said second well under authority of the permit so granted by the Commission."

We do not understand appellants to contend that the pleadings and the evidence are not sufficient to sustain the trial court's judgment; nor that the provisions of the statute (Art. 6049c, Sec. 10, Vernon's Texas Civ.Stats.) relating to the bond required were not fully complied with.

The contention made is predicated upon the general and well recognized purposes of a temporary injunction; and as applied to the instant case, particularly upon our holdings in Alpha Pet. Company v. Railroad Commission, Tex.Civ.App., 59 S.W. 2d 374; Railroad Commission v. Real, Tex. Civ.App., 80 S.W.2d 494; and Railroad Commission v. Primrose Petroleum Company, Tex.Civ.App., 80 S.W.2d 509. These cases clearly are not applicable here. The Alpha Petroleum Company case was

brought by the Commission to restrain a violation of a proration order of the Commission, general in character, promulgated for the express purpose of conservation. The Company in that case had not attacked the order in the manner prescribed by law; but had openly violated it and urged in that suit that its violation, that is, its excess production, was the status quo which the temporary injunction should have maintained; manifestly an untenable position. In that case we stated [59 S.W.2d 375]: "This case is not analogous to a controversy between private parties where one threatens to destroy the property claimed by the other pending a hearing of the case." The other two above cited cases involved the production and marketing of illegal oil or its products, wherein the granting of a temporary injunction would, in effect, by suspending the Commission's rules, have destroyed, rather than have preserved, the subject matter of those suits.

Manifestly no such case is here presented. There is a vast difference between wilful violation of a general rule or order of the Commission, mandatory in character, applicable to all alike, which the law itself requires those affected to comply with; and an individual exception to a general rule, granted to an applicant therefor, not mandatory in character. And where it is predicated upon confiscation, the relative private property rights as between him and the adjacent lessees, that is, whether his tract would be drained, or his neighbors' tract would be drained, of the oil in place beneath it, is usually determinative of the issue presented. The status quo then becomes the relative property rights of the permittee and the protestants, which when they pursue the method of attack prescribed by the statute, they are entitled to have protected. And where these rights of either party would be so damaged by the conduct of the other that he has no adequate remedy at law before a trial can be had on the merits, he is entitled to have such rights preserved by temporary injunction.

This method of preserving such rights, pending final hearing on the merits, has been repeatedly recognized and passed upon in Rule 37 cases, wherein this court has affirmed, dissolved and even granted such temporary injunctions where refused in the trial court. In many of them, not necessary to cite here, the Supreme Court has refused writs of error. A recent instance wherein such injunction was issued out of this court is to be found in Gulf Oil Corp. v. York, Tex.Civ.App., 134 S.W.2d 502, writ dis. C.J.

To sustain appellants' contention would be in effect to hold that a temporary injunction could never be granted where a permit to drill a well as an exception to Rule 37 has been granted by the Commission, except where the Commission's order showed upon its face to be void.

As above stated, we do not understand appellants to contend that the pleadings and the proof are not sufficient to sustain the trial court's judgment. The validity of the permit is the subject matter to be determined upon the merits. Under the only issue presented by appellants, and quoted above, it is unnecessary on this appeal for us to pass upon that matter here. No assignment is presented that the proof offered in the hearing on the application for temporary injunction was not sufficient to overcome the prima facie presumption of validity of the Commission's order, given it by statute.

The only complaint lodged against the trial court's judgment not being tenable, its judgment is affirmed.

Affirmed.